Thomas E. Hessler, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Housing Finance Agency, Respondent.

Argued September 12, 1985, before Judges CRAIG and MACPHAIL, and Senior Judge BLATT, sitting as a panel of three.

*Stephen B. Lipson,* for petitioner.

*Lawana M. Johns,* for respondent.

OPINION BY JUDGE CRAIG, October 22, 1985:

Petitioners Thomas E. and Jeanne L. Hessler appeal from a hearing examiner's order of the Pennsylvania Housing Finance Agency, which rejected their application for aid under the Homeowners' Emergency Mortgage Assistance Program, after having initially given approval.

The appeal presents two questions. We must decide whether the findings of fact made by the hearing examiner are supported by substantial evidence, and whether the hearing examiner, in relying upon those findings, erred as a matter of law by concluding that the Hesslers are not suffering financial hardship due to circumstances beyond their control.[1] However, before addressing that question, we must decide as a matter of procedure whether the respondent agency could spontaneously reverse its original determination awarding Homeowners' Emergency Mortgage As-

---

[1] Under section 704 of the Administrative Agency Law, 2 Pa. C.S. §704, this court's review is limited to a determination of whether constitutional rights were violated, an error of law was committed or the findings of fact are unsupported by substantial evidence. *Weinberg v. State Board of Examiners of Public Accountants,* 76 Pa. Commonwealth Ct. 216, 463 A.2d 1210 (1983).

sistance to the Hesslers for one year, where that reversal occurred more than thirty days after the date of the original determination and where there was no advance notice to the Hesslers, nor opportunity for them to be heard, before the agency issued its reversal.

In November, 1980, Mr. Hessler's previous employer terminated his position because of slow market conditions. He remained unemployed until February, 1982, when he secured full-time employment with the Commonwealth of Pennsylvania. However, during Mr. Hessler's period of unemployment, he fell delinquent two months on his home mortgage payments. After he assumed his employment with the Commonwealth, he became delinquent two further months.

The Hesslers applied to the Pennsylvania Housing Finance Agency in April, 1984 for Homeowners' Emergency Mortgage Assistance. Before the agency issued its decision, the Hesslers, by letter which the agency received on August 13, 1984, stated that they had recently purchased a used automobile and had obtained manufacturer-financing in the amount of $3,-000. On August 19, 1984, the agency approved their application, thus indicating the agency would assist them in satisfying their arrearages.

However, in October, 1984, the agency rescinded its decision to provide assistance, informing the Hesslers that their continued delinquent payments, despite an annual household income of nearly $30,000, and their ability to obtain credit for the car purchase led the agency to conclude that they had failed to demonstrate that hardship due to circumstances beyond their control had caused the mortgage default.[2] The agency informed the Hesslers of their right to appeal.

---

[2] Article IV-C, Homeowners' Emergency Assistance, of the Housing Finance Agency Law, states in pertinent part:

After requesting an administrative hearing on the ground that the agency's reversal was "not justified,"[3] Mr. Hessler appeared on his own behalf. The hearing examiner affirmed the agency's decision.

We first consider whether the agency acted improperly in reversing its initial decision without a hearing.

---

(a) No assistance may be made with respect to a mortgage under this article unless all of the following are established:

. . . .

(4) The mortgagor is a permanent resident of this Commonwealth and is suffering financial hardship due to circumstances beyond the mortgagor's control which render the mortgagor unable to correct the delinquency or delinquencies within a reasonable time and make full mortgage payments.

. . . .

(10) For purposes of this section, in order to determine whether the financial hardship is due to circumstances beyond the mortgagor's control, the agency may consider information regarding the mortgagor's employment record, credit history and current income.

Art. IV-C, section 404-C of the Housing Finance Agency Law, Act of December 3, 1959, P.L. 1688, No. 621, *amended by* Act of December 23, 1983, P.L. 385, No. 91, §2, 35 P.S. §1680.404c.

[3] 16 Pa. Code §40.203 provides:

(10) If the Agency determines that the homeowner does not qualify for assistance, the following apply:

. . . .

(ii) The homeowner may request an administrative hearing in accordance with §40.207 (relating to appeals). §40.207 Appeals

(a) An applicant aggrieved by a decision of the Agency in implementing the Homeowners' Emergency Mortgage Assistance Payments Program may request the Agency to conduct an administrative hearing on that grievance.

(b) A hearing may only be requested by an applicant from a decision of the Agency on an issue of fact determined on that application that constitutes an adjudication

. . . .

In *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973), we held that principles of due process and fair play demand that when an administrative agency changes its position on a substantive issue previously decided, the parties must have at least an opportunity to be heard by way of oral argument or brief. There, the Bureau of Employment Security denied the claimant's application for benefits, finding willful misconduct. On appeal, the board affirmed that conclusion. However, four days later, the board, upon its own motion, vacated its order denying benefits and issued a new order, concluding that the claimant had not committed willful misconduct, thus entitling him to benefits. Our opinion disapproved that procedure.

The Hesslers now suggest that *Kentucky Fried Chicken of Altoona* requires that the parties be afforded notice and an opportunity to be heard *before* a new decision may be issued.

The Policy Statement on Homeowners' Emergency Mortgage Assistance Program, 16 Pa. Code §§40.201-40.207, provides that the agency will determine the applicant's eligibility for assistance solely upon the applicant's filed application. Thus, this agency normally conducts no predetermination hearing. However, should the agency conclude that the applicant is ineligible for assistance, the applicant may request an administrative hearing.[4]

The situation before us is distinguishable from that in *Kentucky Fried Chicken of Altoona* because here, the agency granted the Hesslers a hearing even though it took place after the agency had issued its denial of their application. At the hearing, the examiner stated that he would make an independent review of the Hesslers' application.

---

[4] *See id.*

In *Kentucky Fried Chicken of Altoona,* the Unemployment Compensation Board of Review spontaneously reversed its initial decision, without giving the parties any opportunity for a hearing on the reversal.

Accordingly, we see no special reason in this situation which would require a predetermination hearing, and we therefore conclude that the petitioners' opportunity to be heard after the agency's decision denying mortgage assistance, satisfied the requirements of fundamental due process consistent with *Kentucky Fried Chicken of Altoona.*

Turning to the substantive issue, we must affirm the decision of the agency if we determine that substantial evidence supports its findings of fact and if the agency did not err as a matter of law in concluding that the petitioners failed to demonstrate that Mr. Hessler's period of unemployment caused their mortgage default and has rendered the petitioners unable to repay their arrearages within a reasonable period of time.

The agency has acknowledged in its brief that the hearing examiner's statement in his conclusion, "[a]t the time that his mortgage became delinquent, Mr. Hessler had been employed for nearly two years," directly contradicts the undisputed testimony presented by the claimant in his application and at the hearing. The record indicates that the Hesslers went two months into arrears during Mr. Hessler's period of unemployment. Accordingly, the agency may not rely upon the statement as a finding in support of their legal conclusion. Nevertheless, we conclude that substantial evidence supports the other findings made by the agency and that the agency did not err in denying the claimant mortgage assistance.

Finding No. 9 states that the agency reversed its initial decision approving mortgage assistance upon

learning that the petitioners obtained credit to purchase an automobile. The petitioners suggest that car financing approval provides an insufficient basis for the denial of mortgage assistance. However, as the hearing examiner's decision indicates, the agency considered several factors in denying the petitioners' application for mortgage assistance. The agency apparently viewed the car financing as the "straw that broke the camel's back."

Based on the correct findings, we cannot say that the agency erred as a matter of law, and accordingly we affirm.

ORDER

Now, October 22, 1985, the order of the Pennsylvania Housing Finance Agency, dated January 10, 1985, is affirmed.