511 A.2d 915

H. Rodney Valentine, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Housing Finance Agency, Respondent.

Argued April 10, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Louis S. Rulli,* for petitioner.

*Lawana M. Johns,* for respondent.

OPINION BY JUDGE PALLADINO, June 26, 1986:

H. Rodney Valentine (Appellant) appeals from an order of the Pennsylvania Housing Finance Agency (Agency) which affirmed the rejection of Appellant's application for emergency mortgage assistance under the Homeowner's Emergency Mortgage Assistance Act (Act 91).[1] We affirm.

Appellant owns a house, which is his principal residence, in the City of Philadelphia. The property is encumbered by a number of mortgages and liens, including a purchase-money mortgage, with an outstanding principal balance of approximately $20,500, and a second mortgage in the amount of $46,620, which represents the principal of a $20,000 loan plus interest at a rate of 19% for a term of seven years. The loan secured

---

[1] Act of December 23, 1983, P.L. 385, *as amended,* 35 P.S. §§1680.401c-1680.410c.

by the second mortgage was used by Appellant to provide working capital for a business venture.

In 1983, Appellant's business failed. In September of 1983, Appellant defaulted on his first mortgage and, in October of 1983, Appellant defaulted on his second mortgage. As of the time of Appellant's hearing before the Agency, in October of 1984, the combined arrearages of both mortgages exceeded $12,000.

Appellant applied for emergency mortgage assistance, which was denied by the Agency on the ground that Appellant's total debt indicated no reasonable prospect of Appellant being able to resume full mortgage payments within three years and pay the mortgages by maturity.[2] Appellant appealed from the initial decision, which was affirmed by a hearing examiner, who concluded that the scope of assistance offered under Act 91 is not so broad as to encompass Appellant's situation, wherein a personal residence was mortgaged to obtain working capital for a business.

On appeal to this Court, Appellant contends that the Agency's denial of mortgage assistance was improper, because Act 91 expressly permits the granting of assistance in order to prevent foreclosure on mortgages obtained even for purposes other than to finance the purchase of a residence.[3]

---

[2] Section 404c(a)(5) of Act 91 specifies that mortgage assistance is not available to an applicant unless:

> The Agency has determined that there is a reasonable prospect that the mortgagor will be able to resume full mortgage payments within thirty-six (36) months after the beginning of the period for which assistance payments are provided under this article and pay the mortgage or mortgages in full by its maturity date or by a later date agreed to by the mortgagee or mortgagees for completing mortgage payments.

35 P.S. §1680.404c(a)(5).

[3] Appellant also argues that, assuming mortgage assistance was properly disallowed for Appellant's second mortgage, the Agency

Initially, we note that our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *see also Hessler v. Pennsylvania Housing Finance Agency*, 92 Pa. Commonwealth Ct. 352, 500 A.2d 914 (1985).

Section 404c(a)(4) of Act 91 provides that a mortgagor is not entitled to emergency mortgage assistance unless he or she is "a permanent resident of this Commonwealth and is suffering financial hardship due to circumstances beyond the mortgagor's control which render the mortgagor unable to correct the delinquency or delinquencies within a reasonable time and make full mortgage payments."[4] In its brief, the Agency agrees with Appellant that Act 91 does *not* limit the availability of mortgage assistance to only those mortgages obtained in order to purchase a residence. The Agency contends, however, that Appellant has nevertheless failed to show that his financial hardship is due to circumstances beyond his control. Having thoroughly reviewed the record, we agree with the Agency's position.

The Agency's regulations provide that, "[i]n determining if circumstances are beyond the homeowner's control, the Agency will consider the homeowner's credit history, employment record, assets, current and past household income, net worth, and other relevant

---

nevertheless should have granted assistance to Appellant in paying his first mortgage, which was obtained to finance the purchase of the residence. Because this issue was not raised before the Agency or included in Appellant's Petition for Review before this Court, the issue is not properly before us and we will not address it for the first time on appeal.

[4] 35 P.S. §1680.404c(a)(4).

factors."[5] The Agency considered as dispositive the fact the Appellant's second mortgage, which increased the amount of Appellant's total monthly mortgage payments from $323.61 to $878.61, was used to finance a new business which proved to be a failure. Because Appellant had voluntarily chosen to put his house at risk in order to obtain capital for his new business, the Agency reasonably concluded that Appellant's need for mortgage assistance was not the result of circumstances beyond his control.

The interpretation given a statute by the agency charged with its execution and application is entitled to great weight and should be disregarded or overturned only if such construction is clearly erroneous. *Cohen v. Pennsylvania Public Utility Commission*, 90 Pa. Commonwealth Ct. 98, 494 A.2d 58 (1985). We find that the Agency's interpretation of Act 91 as applied to the facts of this case was proper, and that the Agency's decision was supported by substantial evidence.

Accordingly, the order of the Agency is affirmed.

## ORDER

AND NOW, June 26, 1986, the order of the Pennsylvania Housing Finance Agency at Appeal No. Fact 20, dated December 11, 1984, is affirmed.

---

[5] 16 Pa. Code §40.202(e)(3).