511 A.2d 924

Frances P. Crawl, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Housing Finance Agency, Respondent.

Submitted on briefs May 13, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Frank J. Piatek,* for petitioner.

*Trent Hargrove,* for respondent.

OPINION BY JUDGE COLINS, June 30, 1986:

Frances P. Crawl (petitioner) appeals a decision of the Pennsylvania Housing Finance Agency (Agency) which denied petitioner mortgage assistance under the Pennsylvania Homeowner's Emergency Assistance Act.[1] (Act No. 91).

_____

[1] Act of December 23, 1983, P.L. 385, No. 91, *as amended,* 35 P.S. §§1680.103(5)—1680.501a.1.

Petitioner, along with her mother and stepfather,[2] were obligors on a mortgage granted in December, 1980, by the People's Home Savings Association (mortgagee). In a notice dated June 8, 1984, from the mortgagee, petitioner was informed of her rights pursuant to Act No. 91 enabling her to apply for emergency mortgage relief.[3] Petitioner was denied assistance and informed of her right to an administrative hearing in an Agency Notice of Adverse Action dated February 12, 1985. An administrative hearing was conducted via telephone from Harrisburg on August 9, 1985. On August 28, 1985, a hearing examiner ordered the Agency's decision remanded for further investigation.[4] Petitioner was again denied assistance and informed of her administrative hearing rights in an October 22, 1985, Agency decision.

At her second administrative hearing on January 8, 1986, petitioner was permitted to discuss both rejections of assistance. On January 31, 1986, a hearing examiner affirmed the Agency's rejection of petitioner's application for assistance. It is from the order of January 31, 1986, that petitioner appeals.

In matters such as the instant one, the burden of proof lies with the Agency to prove that the impending foreclosure is a result of circumstances within the control of the applicant once the applicant has met the technical eligibility requirements. Our scope of review where the party with the burden of proof has prevailed

---

[2] Petitioner's mother and stepfather do not reside at the mortgaged property. Also, there is no mention in the record why no effort was made to collect the mortgage delinquency from them as co-obligors.

[3] Petitioner's last monthly payment of $179.00 was made on March 5, 1984.

[4] The Agency sought financial information from petitioner's co-obligors to aid in the disposition of petitioner's application.

below is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the findings are unsupported by substantial evidence. *Hessler v. Pennsylvania Housing Finance Agency*, 92 Pa. Commonwealth Ct. 352, 500 A.2d 914 (1985).

Petitioner first contends that the Agency violated due process and fundamental fairness by rendering two different decisions for denial. Petitioner feels that this resulted in her receiving improper notice of the issues, thus preventing her from addressing specific factors at her second administrative hearing. We feel that petitioner was given ample opportunity to advance her claim, notwithstanding the fact that the reason expressed in the Agency's initial denial was different from the reason expressed in the Agency's second denial.[5]

Petitioner was given two administrative hearings to express her concerns, and in *Hessler* at 357, 500 A.2d at 917, we concluded "that the petitioners' opportunity to be heard after the agency's decision denying mortgage assistance, satisfied the requirements of fundamental due process. . . ."

Furthermore, there was only one issue in question—that of petitioner's eligibility. The Agency's denial was not two separate decisions as petitioner suggests, but one decision with two reasons for denial. In *Department of Public Welfare v. Dauphin County Social Services for Children and Youth*, 90 Pa. Common-

---

[5] The Agency based its February 12, 1985, denial on "no reasonable prospect of mortgagor resuming full mortgage payments within thirty-six (36) months and paying mortgage by maturity: Mortgagor has stable income which is insufficient to maintain mortgage (Act 91, Section 404c(a))."

The Agency based its October 22, 1985, decision on the fact that "petitioner was not eligible under the program because the default on the mortgage was not a result of circumstances beyond her control."

wealth Ct. 295, 495 A.2d 214 (1985), we held that a reviewing court can affirm an order if the order is correct in any view regardless of the particular analysis pursued in the decision under review. Under either basis expressed by the Agency, petitioner is ineligible for assistance.

Petitioner next maintains that the Agency abused its discretion because its decision does not contain adequate findings based on substantial evidence. This contention must also fail. 35 P.S. §1680.404c(a)(4) states in pertinent part that "[t]he mortgagor [must] be suffering financial hardship due to circumstances beyond the mortgagor's control. . . ." The record shows that petitioner's delinquency was not a result of events beyond her control. On the contrary, petitioner's arrearage in payment was a direct result of her conscious decision to forego gainful employment and attend school. Petitioner's decision to further her education is laudable. However, voluntary enrollment in school is not the type of hardship meant to be alleviated by Act No. 91.[6]

Petitioner's contention is that the Agency's interpretation of Act No. 91 is contrary to the programs remedial purpose and, consequently, contrary to law. This Court has held that construction of a statute by those charged with its administration and execution should not be disregarded unless clearly erroneous. *Chappell v. Pennsylvania Public Utility Commission,* 57 Pa. Commonwealth Ct. 17, 425 A.2d 873 (1981). The preamble to Act No. 91 states the "purpose of this act [is] to establish a program which will, through emergency mort-

---

[6] Petitioner testified that she was terminated from her part-time job as a clerk-typist when her employer did not need her anymore. Petitioner was unqualified for unemployment benefits and did not want to obtain a job that paid minimum wage. In hopes of obtaining a higher-paying job upon graduation, petitioner enrolled in business school. (N.T. at 9.).

gage assistance payments, prevent widespread mortgage foreclosures . . . which result from default caused by circumstances *beyond a homeowner's control.*" (emphasis added). As stated previously, petitioner elected to attend school rather than seek employment. Her situation was not beyond her control, thus we see no error in the Agency's interpretation of Act No. 91.[7]

Having found no merit in any of petitioner's arguments, we, accordingly, affirm the Agency's order.

## ORDER

AND NOW, this 30th day of June, 1986, the order of the Pennsylvania Housing Finance Agency, dated January 31, 1986, denying petitioner's application for mortgage assistance is hereby affirmed.

------

[7] While floor debate is not recognized as being authoritative as legislative history, the issue of granting assistance to unqualified applicants was obviously of great concern to the legislature at the time of consideration of Act No. 91. *Legislative Journal-House,* June 29, 1983, p. 952.