511 A.2d 917

Elizabeth Horton, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Housing Finance Agency, Respondent.

Argued April 10, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*David Sambolin,* for petitioner.

*Lawana M. Johns,* with her, *Michael Donadee,* for respondent.

OPINION BY JUDGE PALLADINO, July 14, 1986:

Elizabeth Horton (Appellant) appeals from an order of the Pennsylvania Housing Finance Agency (Agency) which affirmed the rejection of Appellant's application for emergency mortgage assistance under the Homeowner's Emergency Mortgage Assistance Act (Act 91).[1] We affirm.

Appellant owns a single-family residence in the City of Philadelphia. That property and a second property owned by Appellant are encumbered by a single, blanket mortgage. The second property, which is a three-story building consisting of a store and two apartments, was purchased with money Appellant obtained by refinancing the original mortgage on her residence.

In 1984, Appellant defaulted on her mortgage. Thereafter, in August of 1984, she applied for emergency mortgage assistance, which was denied by the Agency on the ground that Appellant had sufficient net worth to correct the delinquency within a reasonable time and make full mortgage payments.[2] The Agency noted specifically that Appellant could liquidate her second property in order to pay off the mortgage on her residence.

---

[1] Act of December 23, 1983, P.L. 385, *as amended,* 35 P.S. §§1680.401c-1680.410c.

[2] Section 404c(a)(8) of Act 91 specifies that mortgage assistance is not available to an applicant unless: "The agency has determined, based on the mortgagor's financial statement, that the mortgagor has insufficient household income or net worth to correct the delinquency or delinquencies within a reasonable period of time and make full mortgage payments." 35 P.S. §1680.404c(a)(8).

On appeal, the Agency's initial decision was affirmed by a hearing examiner, who determined that Appellant is ineligible for residential mortgage assistance because her delinquent mortgage is secured in part by a non-residential property.

On appeal to this court, Appellant contends that the Agency has misconstrued the eligibility criteria of Act 91, because Act 91 does not specifically bar mortgages covering more than one property, provided that one of the properties is the home-owner's personal residence.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *see also Hessler v. Pennsylvania Housing Finance Agency,* 92 Pa. Commonwealth Ct. 352, 500 A.2d 914 (1985).

Section 404c(a) of Act 91 provides that:

No assistance may be made with respect to a mortgage under this article unless . . .

(1) The property securing the mortgage, or other security interest in the case of units in cooperative or condominium projects, is a one-family residence, or two-family owner-occupied residence including one-family units in a condominium project or a membership interest and occupancy agreement in a cooperative housing project, is the principal residence of the mortgagor and is located in this Commonwealth.[3]

As applied to the case at bar, this section has been interpreted by the Agency to mean that blanket mortgages, such as the one held by Appellant, are ineligible for mortgage assistance because they are secured by both residential and non-residential properties.

---

[3] 35 P.S. §1680.404c(a)(1).

Our recent cases have held that the Agency's interpretation of Act 91 is entitled to great weight and should be disregarded or overturned only if such construction is clearly erroneous. *Valentine v. Pennsylvania Housing Finance Agency*, 98 Pa. Commonwealth Ct. 350, 511 A.2d 915 (1986). We conclude that the Agency's interpretation of Act 91, as applied to the facts of this case, is correct.

The Agency's regulations specify that "mortgages where the secured property is used primarily for commercial or business purposes are not eligible for assistance."[4] In the instant case, Appellant's mortgage, while secured by her residence, was also secured by a commercial property which she operated for several years as a store. The record shows also that Appellant had almost completely paid off the purchase-money mortgage on her residence when she chose to refinance that mortgage in order to buy the commercial property. In light of the Agency's regulations, and in light of the fact that Appellant's mortgage burden was caused primarily by her decision to acquire a commercial property, the Agency properly concluded that Appellant was not eligible for residential mortgage assistance with respect to a mortgage secured in part by a business property.[5]

---

[4] 16 Pa. Code §40.202(c).

[5] We note that Section 404c(a)(4) of Act 91 provides that a mortgagor is not entitled to emergency mortgage assistance unless he or she is "a permanent resident of this Commonwealth and is suffering financial hardship due to circumstances beyond the mortgagor's control which render the mortgagor unable to correct the delinquency or delinquencies within a reasonable time and make full mortgage payments." 35 P.S. §1680.404c(a)(4). In *Valentine*, we determined that the Agency properly refused mortgage assistance to a home-owner who voluntarily chose to put his home at risk in order to obtain capital for a business venture, because the home-owner's need for mortgage assistance was not the result of circumstances beyond his control. Similarly, in the case at bar, Appellant would have been ineligible for mortgage assistance on the alternative ground that her need for assistance was not caused by circumstances beyond her control.

The order of the Agency is affirmed.

ORDER

AND NOW, July 14, 1986, the order of the Pennsylvania Housing Finance Agency at Appeal No. File 51, dated May 10, 1985, is affirmed.