503 A.2d 1117

Harry Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Housing Finance Agency, Respondent.

Argued April 10, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Eric L. Frank,* for petitioner.

*Lawana M. Johns,* for respondent.

OPINION BY JUDGE PALLADINO, July 21, 1986:

Harry Johnson (Appellant) appeals from an order of the Pennsylvania Housing Finance Agency (Agency) which affirmed the rejection of Appellant's application for emergency mortgage assistance under the Home-owner's Emergency Mortgage Assistance Act (Act 91).[1] We affirm.

Appellant owns a home in Philadelphia which is encumbered by a mortgage. He made monthly mortgage payments to his mortgage company, Pennamco, until September of 1980, at which time he was informed that his mortgage had been assigned and that future payments should be sent to the new mortgagee, Manufacturers Hanover Mortgage Corporation (Manufacturers Hanover). In May of 1981, Manufacturers Hanover informed Appellant that it did not have a record of his September, 1980 mortgage payment and, therefore, his mortgage was in default. Thereafter, Manufacturers Hanover refused to accept further mortgage payments from Appellant until the arrearage was corrected, and foreclosure proceedings were instituted.

In 1982, Appellant filed for bankruptcy, under which an arrangement was proposed whereby Appellant would continue to make mortgage payments and payments on the arrearage. The arrangement failed, however, when Appellant lost his employment and was unable to make the required payments. Appellant was discharged from his position as an ambulance driver because of absences from work, which allegedly occurred

---

[1] Act of December 23, 1983, P.L. 385, *as amended,* 35 P.S. §§1680.401c-1680.410c.

when Appellant sought to obtain legal assistance in dealing with his mortgage problems. Although Appellant had, at first, saved the amount of the mortgage payments which were refused by Manufacturers Hanover, he alleges that he spent the money he had saved on legal expenses incurred in the bankruptcy proceeding, and on various family expenses.

Appellant applied for emergency mortgage assistance, which was denied by the Agency on the grounds that there was no reasonable prospect of Appellant being able to resume mortgage payments within three years and pay the mortgage by maturity,[2] and that Appellant had an unfavorable mortgage credit history.[3]

On appeal, the Agency's initial decision was affirmed by a hearing examiner, who determined that Appellant had an unfavorable residential mortgage credit history

---

[2] Section 404c(a)(5) of Act 91 specifies that mortgage assistance is not available to an applicant unless:

The Agency has determined that there is a reasonable prospect that the mortgagor will be able to resume full mortgage payments within thirty-six (36) months after the beginning of the period for which assistance payments are provided under this article and pay the mortgage or mortgages in full by its maturity date or by a later date agreed to by the mortgagee or mortgagees for completing mortgage payments.

35 P.S. §1680.404c(a)(5)

[3] Section 404c(a)(9) requires that:

Except for the current delinquency, the mortgagor shall have had a favorable residential mortgage credit history for the previous five (5) years. This requirement shall mean that, if the mortgagor has been more than three (3) consecutive months in arrears on a residential mortgage within the previous five (5) years, he shall be ineligible for assistance, unless the mortgagor can demonstrate that the prior delinquency was the result of financial hardship due to circumstances beyond his control.

35 P.S. §1680.404c(a)(9).

for the previous five years. The hearing examiner also concluded that Appellant was not suffering from financial hardship due to circumstances beyond his control,[4] because Appellant was employed when the delinquency began and was then discharged from his job because of absenteeism.

On appeal to this Court, Appellant contends that the Agency's finding of an unfavorable mortgage credit history is not supported by the evidence, and that, as a matter of law, the Agency erroneously decided that his mortgage delinquency was not caused by circumstances beyond his control.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *see also Hessler v. Pennsylvania Housing Finance Agency* 92 Pa. Commonwealth Ct. 352, 500 A.2d 914 (1985).

In regard to the question of whether Appellant has an unfavorable residential mortgage credit history, we conclude that the Agency's finding on this issue is not supported by substantial evidence. The Agency based its decision regarding Appellant's mortgage credit history on the fact that Appellant's current delinquency began in September of 1981, although Appellant remained employed until March of 1982. Section 404c(a)(9) of Act 91, however, requires only that, *"[e]xcept for the current delinquency,* the mortgagor shall have had a favora-

---

[4] Section 404c(a)(4) of Act 91 provides that a mortgagor is not entitled to emergency mortgage assistance unless he or she is "a permanent resident of this Commonwealth and is suffering financial hardship due to circumstances beyond the mortgagor's control which render the mortgagor unable to correct the delinquency or delinquencies within a reasonable time and make full mortgage payments." 35 P.S. §1680.404c(a)(4).

ble residential mortgage credit history for the previous five years,"[5] (Emphasis added.) Accordingly, whether a mortgagor has a favorable credit history is to be determined without considering the current delinquency. *Koch v. Pennsylvania Housing Finance Agency,* 95 Pa. Commonwealth Ct. 506, 505 A.2d 649 (1986). Because the record indicates that, prior to the current delinquency beginning in September of 1981, Appellant's mortgage credit history was not unfavorable, we must reject the Agency's finding on this issue.

As regards the question of whether Appellant's financial hardship is due to circumstances beyond his control, the Agency's regulations specify that, in making a determination on that issue, "the Agency will consider the homeowner's credit history, employment record, assets, current and past household income, net worth, and other relevant factors."[6] In the instant case, the Agency considered Appellant's employment record to be especially relevant, and determined that Appellant's mortgage delinquency, in light of his employment record, was not caused by circumstances beyond Appellant's control.

Although Appellant's mortgage delinquency arose from a dispute with the mortgagee, Appellant was still responsible for monthly mortgage payments and should have set aside the amount of his mortgage payments in order to correct any arrearages once the dispute was settled. Moreover, Appellant needed to remain employed in order to continue paying his mortgage. The record shows, however, that Appellant failed on both counts. Although, admittedly, Appellant's difficulties may have been caused to some extent by his attempts to defend himself in the foreclosure proceedings, Appel-

---

[5] 35 P.S. §1680.404c(a)(9).
[6] 16 Pa. Code §40.202(e)(3).

lant nevertheless voluntarily chose the course of action which he undertook. Therefore, in light of the fact that while Appellant was employed he did not keep money available to pay his mortgage arrearage, and in light of the fact that Appellant's voluntary absenteeism caused him to lose his employment, the Agency reasonably concluded that Appellant's need for mortgage assistance was not the result of circumstances beyond his control.

The Agency's interpretation of Act 91 is entitled to great weight and should be disregarded only if such construction is clearly erroneous. *Valentine v. Pennsylvania Housing Finance Agency,* 98 Pa. Commonwealth Ct. 350, 511 A.2d 915 (1986). We conclude that the Agency's interpretation of the statute, as applied to the facts of this case, is correct.

Because Appellant's financial hardship was not caused by circumstances beyond his control, the Agency properly denied him emergency mortgage assistance. The order of the Agency is affirmed.

ORDER

AND NOW, July 21, 1986, the order of the Pennsylvania Housing Finance Agency in the above-captioned matter is affirmed.