522 A.2d 1164

Betty J. Froman, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Housing Finance Agency, Respondent.

74

Argued November 20, 1986, before Judges BARRY and PALLADINO (P), and Senior Judge BARBIERI, sitting as a panel of three.

*Michelle DeBord,* for petitioner.

*Rebecca L. Peace,* for respondent.

OPINION BY JUDGE PALLADINO, March 25, 1987:

Betty J. Froman (Petitioner) petitions for review of an order of the Pennsylvania Housing Finance Agency (Agency) denying Petitioner emergency mortgage assistance under The Pennsylvania Homeowner's Emergency Assistance Act[1] (Act 91).

[1] Homeowner's Emergency Mortgage Assistance Act, Act of December 23, 1983, P.L. 385, *as amended,* 35 P.S. §§1680.103(5)-1680.501a.1.

In 1979, Petitioner obtained a residence in Mount Union, Pennsylvania, pursuant to a divorce settlement on which she placed a mortgage. In November, 1981, Petitioner moved to Florida to seek employment without selling or renting her Pennsylvania property. While in Florida, Petitioner rented an apartment and attempted to maintain the $156 per month mortgage payment on the Pennsylvania residence. Petitioner was injured in December, 1984, in a work-related accident and returned to her residence in Mount Union, Pennsylvania but remained unemployed.

Petitioner was issued an "Act 91 notice"[2] in February, 1985, indicating that her Pennsylvania mortgage was four months in arrears. The last full mortgage payment was made in January, 1985 and was applied to the October, 1984 payment due. Petitioner then applied to the Agency for emergency mortgage assistance benefits. The Agency rejected the application in a letter dated May 7, 1985, from which Petitioner appealed. The hearing examiner affirmed the Agency's denial of assistance on the following grounds:

the Appellant was attempting to maintain two households and having difficulty with the mortgage on the vacant property in Pennsylvania *prior to the loss of employment in December, 1984*. Accordingly, the Mortgagor is not suffering financial hardship due to circumstances beyond the Mortgagor's control. (Act 91, Section 404-C(A))

Moreover, as a consequence of the fact that the property was vacant while the Appellant lived in Florida for three years, assistance should also be denied due to the fact that 'the property secur-

---

[2] This notice is required by Sections 402-C and 403-C of Act 91, 35 P.S. §§1680.402c, 1680.403c.

ing the mortgage is not owner-occupied.' and that 'property securing the mortgage is not the principal residence of the Applicant.' (Act 91, Section 404-C(A)). (Emphasis added.)

On appeal to this Court, Petitioner asserts that 1) the Agency applied improper eligibility standards when it denied assistance to Petitioner; 2) the Agency's findings, that Petitioner was not suffering financial hardship from circumstances beyond her control because she maintained two homes and mismanaged her money, was not supported by substantial evidence and, 3) the failure to notify Petitioner of the additional ground for rejection by the appeal hearing examiner violated due process.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or the findings of fact are not supported by substantial evidence. *Johnson v. Pennsylvania Housing Finance Agency,* 99 Pa. Commonwealth Ct. 77, 512 A.2d 1319 (1986).

Petitioner's first contention is premised upon the Agency's determination that "[the] *[t]otal delinquency* was not due to circumstances beyond the mortgagor's control: the mortgagor had two homes at once couldnt [sic] afford". (Emphasis added.) Petitioner argues that Act 91 does not require that every dollar of a delinquency be the result of circumstances beyond the mortgagor's control and, therefore, she should have qualified for assistance because her injury, which rendered her unable to work in December, 1984, was a circumstance beyond her control.

In order to qualify for assistance, a mortgagor must meet all of the eligibility criteria outlined in Act 91, Section 404-C.[3] Specifically at issue in the case at bar is the following requirement:

---

[3] 35 P.S. §1680.404c.

(4)  The mortgagor is a permanent resident of this Commonwealth and *is suffering financial hardship due to circumstances beyond the mortgagor's control* which render the mortgagor unable to correct the delinquency or delinquencies within a reasonable time and make full mortgage payments.

35 P.S. §1680.404c(4) (emphasis added).

When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded. 1 Pa. C. S. §1921(b). The language of Section 404C(4) is clear and unambiguous in requiring that the delinquency be the result of *circumstances* beyond the mortgagor's control. Here, the Agency looked at the totality of Petitioner's circumstances. Specifically, Petitioner sustained a work-related injury in December, 1984 which rendered her unable to work. However, the Agency could give greater weight to the fact, as found by the referee, that Petitioner's delinquency began in October, 1984, while she was still employed, when she rented an apartment in Florida and attempted to continue payment on the Pennsylvania home without renting it. Electing to maintain two homes was a decision made by Petitioner and certainly within her control. The Agency did not apply a stricter eligibility requirement to Petitioner in concluding that the "total delinquency" was not beyond Petitioner's control.

Petitioner's second contention, that the Agency's determination that she was not suffering financial hardship beyond her control because she maintained two homes and mismanaged her money, was not supported by substantial evidence, is without merit. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Page v. Workmen's Compensation Appeal Board,* 83 Pa. Commonwealth Ct. 151, 476 A.2d 508 (1984). The rec-

ord contains ample evidence that Petitioner voluntarily moved to Florida, rented an apartment there and did not sell or rent the Pennsylvania property. In addition, Petitioner stated the reasons why her mortgage was in arrears as follows: "Our expenses became to [sic] much for us to maintain two homes [sic] the expenses living in Florida were making took in were not as much as what we had to pay out. . . ." A review of the record supports the Agency's conclusion that Petitioner's financial hardship was due to circumstances within her control and was supported by substantial evidence.

Lastly, Petitioner asserts a denial of due process because the hearing examiner's decision, after the appeal hearing, identified additional bases to deny Petitioner's application for assistance. Specifically, Petitioner attacks the hearing examiner's conclusion that "assistance should also be denied due to the fact that the property securing the mortgage is not owner occupied. And that the property securing the mortgage is not the principal residence of the applicant." Petitioner contends that this deprived her of adequate notice of the issues on appeal. However, Petitioner was given, through the appeal process, ample opportunity to advance her claim notwithstanding the additional reasons expressed by the hearing examiner. *See Crawl v. Pennsylvania Housing Finance Agency,* 98 Pa. Commonwealth Ct. 431,. 511 A.2d 924 (1986). A reviewing court can affirm an order if the order is correct in any view regardless of the particular analysis pursued in the decision under review. *Id.* The hearing examiner did reaffirm the Agency's determination that Petitioner's financial hardships were not due to circumstances beyond her control. This alone is sufficient to render Petitioner ineligible for assistance. Accordingly, we conclude that proffering additional reasons to deny Petitioner assistance did not violate Petitioner's due process rights.

Because Petitioner's financial hardship was not caused by circumstances beyond her control, the Agency properly denied her emergency mortgage assistance. The order of the Agency is affirmed.

ORDER

AND NOW, March 25, 1987, the order of the Pennsylvania Housing Finance Agency in the above-captioned matter is affirmed.