IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brien L. Readinger,                       :
                                          :
                    Petitioner            :
                                          :
            v.                            : No. 282 C.D. 2017
                                          : Submitted: October 13, 2017
Pennsylvania Housing Finance              :
Agency,                                   :
                                          :
                    Respondent            :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE J. WESLEY OLER, Jr., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                   FILED:  January 29, 2018


            Brien L. Readinger (Petitioner) petitions *pro se* for review of the
January 14, 2017 adjudication of a Hearing Examiner of the Pennsylvania Housing
Finance Agency (PHFA) denying his application for emergency mortgage assistance
under the statute known as the Homeowner's Emergency Mortgage Assistance Loan
Program (HEMAP) Act (Act 91).[1]  We affirm.

_____

[1] Act of December 3, 1959, P.L. 1688, added by the Act of December 23, 1983, P.L. 385,
*as amended*, 35 P.S. §§1680.401c–1680.410c. The purpose of Act 91 is "to establish a program
which will through emergency mortgage payments prevent widespread mortgage foreclosures . . .
which result from default caused by circumstances *beyond a homeowner's control*." *Crawl v.
Pennsylvania Housing Finance Agency*, 511 A.2d 924, 927 (Pa. Cmwlth. 1986) (emphasis in
original).

In May 2009, Petitioner secured a primary mortgage from Santander Bank, N.A. (Santander) in the amount of $119,200 to purchase the property located at 1054 Shoemakersville Road, Shoemakersville, Pennsylvania (Property). The monthly mortgage payments are $896. Thereafter, Petitioner secured a second position mortgage from Santander as a secured line of credit in the amount of $10,000. The monthly mortgage payments are $44. Petitioner contacted Santander in 2010 or 2011 seeking to refinance his primary mortgage, but his application was denied. Supplemental Reproduced Record (S.R.R.) at 2b.

Petitioner received an Act 91 Notice dated August 2, 2016, indicating that Santander intended to foreclose on the Property based on a default in the mortgage payments beginning June 1, 2016. S.R.R. at 6b-8b. The PHFA received Petitioner's HEMAP application on September 27, 2016. S.R.R. at 2b. At the time of his application, Petitioner's monthly expenses totaled $2,399. S.R.R. at 3b.

Prior to the foreclosure notice, Petitioner was employed at Carpenter, a company for which he began work in July 2006. In December 2013, Petitioner was terminated though the record does not indicate a reason for the termination. Petitioner obtained a new position with C.R. England, a tractor trailer company, in September 2014, where he worked for approximately seven months before resigning. Beginning in March 2015, Petitioner worked for the Reading Area Water Authority (Water Authority) for approximately one year until he was terminated in March 2016. When the PHFA reviewed Petitioner's HEMAP application, Petitioner was unemployed. S.R.R. at 2b.

The PHFA initially denied Petitioner's HEMAP application because it determined that: (1) Petitioner had no reasonable prospect of resuming full mortgage payments within 24 months from the date of mortgage delinquency and paying the

2

mortgage by maturity because his income was insufficient,[2] and (2) Petitioner's financial hardship was due to overextension, not circumstances beyond his control.[3] Petitioner requested and was granted a hearing to contest the PHFA's initial denial of his HEMAP application.

A Hearing Examiner conducted a telephonic hearing on December 8, 2016. Petitioner testified that he attempted to refinance his mortgages in 2010 or 2011 in order to pay off his installment debt and lower his interest rate. S.R.R. at 44b. He averred that Santander denied his application without explanation. *Id.*

Petitioner testified that he terminated his employment at C.R. England because he was not earning sufficient income and that he had not received proper training to adequately perform his job duties. S.R.R. at 33b. Petitioner further testified regarding his termination from the Water Authority, that he informed his

---

[2] Section 404-C(a)(5) of Act 91 provides that no assistance may be made with respect to a mortgage or mortgagor unless

> there is a reasonable prospect that the mortgagor will be able to resume full mortgage payments within twenty-four (24) months *after the beginning of the period for which payments are provided* under this article and pay the mortgage or mortgages in full by its maturity date or by a later date agreed to by the mortgagee or mortgagees for completing mortgage payments.

35 P.S. §1680.404c(a)(5) (emphasis added). The initial decision appears to conflate this requirement with that of Section 404-(a)(8), which provides that no assistance may be provided *unless* the PHFA determines "that the mortgagor has insufficient household income or net worth to correct the delinquency or delinquencies within a reasonable period of time and make full mortgage payments," and that of Section 404-C(a)(12), which requires that no assistance may be provided if the mortgagor is more than 24 consecutive or non-consecutive months in arrears, no matter the reason therefore. 35 P.S. §§1680.404c(a)(8),(12).

[3] Section 404-C(a)(4) of Act 91 provides that no assistance may be provided unless the mortgagor is suffering financial hardship as the result of circumstances beyond his control. 35 P.S. §1680.404c(a)(4).

supervisor that he was leaving early due to illness but was suspended pending an investigation. S.R.R. at 36b. According to his Letter of Circumstance submitted with his HEMAP application, the Water Authority asserted that Petitioner quit his position and violated a work rule, which resulted in his termination. S.R.R. at 56b. Petitioner testified that he did not violate a work rule and that he was contesting his termination from the Water Authority as unlawful. S.R.R. at 35b-36b. Petitioner stated that he applied for unemployment compensation benefits following his termination, but the Unemployment Compensation Board of Review (Board) determined that Petitioner was ineligible because his discharge was the result of willful misconduct.[4] S.R.R. at 37b. He testified that he appealed his denial to this Court and expected that he would receive approximately $14,000 to $15,000, should he prevail.[5] S.R.R. at 37b, 46b.

Since his separation from employment at the Water Authority, Petitioner has been searching for a new position, but at the time of the hearing had been unable to obtain new employment. S.R.R. at 37b. Petitioner also testified that his monthly expenses had decreased since the date of his HEMAP application. S.R.R. at 39b-43b.

By decision entered January 14, 2017, the Hearing Examiner affirmed the initial decision of the PHFA and denied the mortgage assistance loan. She determined that Petitioner's employment had not been steady since December 2013. She also determined that the outcome of Petitioner's then-pending appeal of his

[4] Section 402(e) of the Unemployment Compensation Law provides that an employee shall be ineligible for compensation for any week in which his unemployment is due to his discharge from work for willful misconduct connected with his work. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

[5] On June 5, 2017, we affirmed the order of the Board. *Readinger v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 1289 C.D. 2016, filed June 5, 2017).

unemployment compensation benefits or Petitioner's ability to secure any future employment within the statutory period to resume full mortgage payments was speculative.

On appeal,[6] Petitioner argues that the Hearing Examiner erred in determining that he did not have a reasonable prospect of resuming full mortgage payments within the statutory period and paying the mortgage by maturity. An applicant for a HEMAP loan has the burden of establishing the facts necessary to qualify under Act 91. *Koch v. Pennsylvania Housing Finance Agency*, 505 A.2d 649, 650 (Pa. Cmwlth. 1986). As a matter of policy, the PHFA will generally consider a number of factors, including an applicant's prior work history and financial prospects, in determining whether an applicant has a reasonable prospect of resuming full mortgage payments within the statutory period and paying the mortgage by maturity.[7] The PHFA will generally determine that an applicant

---

[6] This Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Johnson v. Pennsylvania Housing Finance Agency*, 512 A.2d 1319, 1321 (Pa. Cmwlth. 1986).

[7] The PHFA's regulations provide, in pertinent part:

> (a) In general, the Agency will consider all relevant factors when evaluating whether the homeowner has a reasonable prospect of being able to resume full mortgage payments within 24 months after the beginning of the period for which assistance payments are provided the Agency and of being able to pay the mortgage in full by maturity or by a later date agreed to by the mortgagee, including the following:
>
>> (1) The homeowner's prior work history, experience, training, opportunities for retraining and similar factors which may affect

5

demonstrates a reasonable prospect of resuming payments, despite unemployment, if he is suffering financial hardship through no fault of his own and is able to demonstrate a favorable work history. 12 Pa. Code §31.206(b)(1).[8]

However, neither the Act nor the PHFA's regulations allow for the consideration of speculative income and the PHFA is bound to evaluate an applicant's eligibility based on his actual income history. *Cullins v. Pennsylvania Housing Finance Agency*, 623 A.2d 951, 954 (Pa. Cmwlth. 1993). Consequently, a hearing examiner does not abuse her discretion or commit an error of law in denying an application for mortgage assistance when the applicant's evidence of future income is speculative or legally insufficient to demonstrate a reasonable prospect of resuming mortgage payments and paying the mortgage by maturity. *See R.M. v. Pennsylvania Housing Finance Agency,* 740 A.2d 302, 308 (Pa. Cmwlth. 1999) (holding that despite applicant's evidence of significant earning potential, he failed

---

the homeowner's future employment opportunities.
   (2)   Potential for future changes in the homeowner's financial prospects through re-employment, schooling, training or debt reduction, or other income changes sufficient to enable the homeowner to resume full mortgage payments.

12 Pa. Code §31.206(a)(1),(2). Our Court has held that this provision is a non-binding statement of policy rather than a regulation with the force and effect of law. *R.M. v. Pennsylvania Housing Finance Agency,* 740 A.2d 302, 308 (Pa. Cmwlth. 1999).

[8] PHFA will generally determine that an applicant has demonstrated a reasonable prospect of resuming payments and paying the mortgage by maturity despite unemployment by presenting evidence of: (1) a favorable work and credit history; (2) the ability and history of paying the mortgage when employed; (3) the lack of an impediment or disability that prevents reemployment; and (4) that he is actively seeking work as evidenced by a written statement to that effect. 12 Pa. Code §31.206(b).

to present evidence as to when he could expect to earn this income; therefore, "[i]t was reasonable for the hearing examiner to conclude that [the applicant's] future income was speculative" and "the hearing examiner did not err as a matter of law in denying [the] application for mortgage assistance."); *Mull v. Pennsylvania Housing Finance Agency*, 529 A.2d 1185, 1188 (Pa. Cmwlth. 1987) (holding that the hearing examiner did not err in determining that there was no reasonable prospect of applicant resuming mortgage payments within the required time frame where the applicant's income was insufficient to meet her monthly expenses).

Petitioner did not introduce any evidence beyond his own bare assertions that there was a reasonable prospect that he could resume payments. Instead, the record demonstrates that Petitioner has remained unemployed since March 2016 despite his efforts to regain his former employment or secure new employment. The record also indicates an unfavorable work history where Petitioner was terminated from two of the three positions he held in the previous four years and that he voluntarily quit the third position. Therefore, the Hearing Examiner did not err in her determination that Petitioner had no reasonable prospect of resuming full mortgage payments within 24 months and payment of the mortgage in full by maturity.

Accordingly, the PHFA's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Brien L. Readinger,                          :
                                             :
                        Petitioner           :
                                             :
            v.                               : No. 282 C.D. 2017
                                             :
Pennsylvania Housing Finance                 :
Agency,                                      :
                                             :
                        Respondent           :


                        O R D E R


        AND NOW, this 29th day of January, 2018, the order of the

Pennsylvania Housing Finance Agency, dated January 14, 2017, is AFFIRMED.


                                _____
                                MICHAEL H. WOJCIK, Judge