IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey L. Goss,                          :
                         Petitioner       :
                                          :
            v.                            :     No. 1592 C.D. 2018
                                          :     Submitted: August 16, 2019
Pennsylvania Housing Finance             :
Agency,                                   :
                         Respondent       :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ROBERT SIMPSON, Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                          FILED: January 6, 2020

            Jeffrey L. Goss, *pro se*, petitions for review of an adjudication of the
Pennsylvania Housing Finance Agency (PHFA) that denied his application for
emergency mortgage assistance under the Homeowner's Emergency Mortgage
Assistance Program (HEMAP) that PHFA administers.[2]  On appeal, Goss argues
that PHFA erred in determining that he had no reasonable prospect of being able to
resume making his mortgage payments within 24 months.  For the reasons to follow,
we affirm.

            Goss owns a home at 373 Tow Hill Road in Port Matilda, Pennsylvania.
In 2006, JPMorgan Chase Bank, N.A. (Chase) extended Goss a $100,000 line of

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed
the status of senior judge.

[2] Act of December 3, 1959, P.L. 1688, No. 621, *as amended*, added by the Act of December 23,
1983, P.L. 385, No. 91, 35 P.S. §§1680.401c-1680.412c (Act 91).  Act 91 established "a program
which will[,] through emergency mortgage payments[,] prevent widespread mortgage foreclosures
... which result from default caused by circumstances beyond a homeowner's control."  *Crawl v.
Pennsylvania Housing Finance Agency*, 511 A.2d 924, 927 (Pa. Cmwlth. 1986).

credit secured by his residence, with a monthly mortgage payment of $904. In July 2017, Chase sent Goss a default notice because he had stopped making payments in May. That notice included information about HEMAP loan assistance. In August 2017, Goss met with a consumer credit counseling agency to prepare a HEMAP loan application, which he submitted to PHFA in September 2017.

In October 2017, PHFA denied Goss's HEMAP application for the following reasons:

> 1. No reasonable prospect of applicant resuming full mortgage payments within twenty-four (24) months from the date of the mortgage delinquency and paying the mortgage(s) by maturity based on: Applicant has been unemployed or has not worked for previous two (2) years.
>
> 2. No reasonable prospect of applicant resuming full mortgage payments within twenty-four (24) months from the date of the mortgage delinquency and paying the mortgage(s) by maturity based on: Applicant's income is insufficient to maintain mortgage.
>
> 3. No reasonable prospect of applicant resuming full mortgage payments within twenty-four (24) months from the date of the mortgage delinquency and paying the mortgage(s) by maturity based on: Applicant is financially overextended based upon income history.

HEMAP Letter, 10/06/2017, at 1; Supplemental Reproduced Record at 17b (S.R.R. __). Goss appealed, and on July 31, 2018, PHFA appointed a hearing examiner to conduct an evidentiary hearing.

At the hearing, Goss testified that his default was "caused by circumstances beyond [his] control[.]" Notes of Testimony, 7/31/2018, at 7 (N.T. __); S.R.R. 38b. He explained that in November of 2015, he suffered sepsis that required a four-month hospitalization. During this hospitalization, Goss used his

2

retirement savings to make his monthly mortgage payments. After his savings were exhausted, Goss was unable to continue the monthly mortgage payment of $904.

Goss explained his monthly expenses of $1,266. His monthly mortgage payment was $904; his monthly homeowner's insurance premium was $110; and his monthly car insurance premium was $32. He spent approximately $200 a month on electricity and groceries. His cell phone bill was $20 a month. In February 2018, his homeowner's insurance premium increased, raising his fixed monthly expenses to $1,311.08.

Goss owns and operates Rocket-7 Design, Inc., an architectural design and construction company. On his HEMAP application, Goss reported a gross/net monthly income from Rocket-7 Design of $0. S.R.R. 63b. Further, Goss testified that he has not filed a federal tax return since 2013 because he had no reportable income. Over the past 12 months, Goss has raised approximately $5,000 by "selling some personal belongings." N.T. 12; S.R.R. 43b. In July 2018, Goss applied for social security supplemental income (SSI) benefits[3] and at the time of the hearing was awaiting a final eligibility determination.

Goss testified that he has an associate degree in architectural technology and a good employment history. Prior to establishing Rocket-7 Design in 1994, he worked as a network administrator, account executive, and mechanical non-standard designer. In March 2018, he resumed working part-time at Rocket-7 Design. He testified that he has been "involved in an active search for employment, which also includes … [his] active client list." N.T. 10; S.R.R. 41b. At the time he submitted his loan application, Goss had applied for more than 18 jobs.

---

[3] SSI "provide[s] disabled persons with only basic necessities needed to maintain their health and support[.]" *Ricco v. Novitski*, 874 A.2d 75, 83 (Pa. Super. 2005).

3

Goss testified that PHFA and the consumer credit counselor recorded inaccurate information in his loan application materials. He asserted that PHFA had not considered all relevant information when it denied his application, including that he only needed a loan of $2,773.70, and he has made almost $73,000 in mortgage payments to Chase.

On September 29, 2018, the hearing examiner denied Goss's appeal. The hearing examiner explained that Goss was financially overextended and was unlikely to be able to resume making full mortgage payments, even with mortgage assistance from PHFA.

On appeal,[4] Goss raises three issues. He argues that PHFA erred in denying his HEMAP loan application; PHFA failed to consider all factors relevant to whether he had a reasonable prospect of resuming full mortgage payments within 24 months; and PHFA and the consumer credit counseling agency did not provide him with the documents he needed for his mortgage assistance application. In effect, Goss argues that PHFA erred in determining that he has no reasonable prospect of resuming full mortgage payments within the required time period. Goss contends that his educational background, work history, and receipt of monthly SSI benefits demonstrate a likelihood that he will be able to resume making full mortgage payments.

We begin with a review of Act 91. Under the Act, PHFA is authorized to provide mortgage assistance loans to homeowners facing foreclosure for reasons beyond their control. Sections 401-C and 404-C of Act 91, 35 P.S. §§1680.401c, 1680.404c. If a homeowner qualifies for assistance, PHFA loans the homeowner

---

[4] This Court determines whether constitutional rights were violated, an error of law was committed, or the findings of fact are not supported by substantial evidence. *Fish v. Pennsylvania Housing Finance Agency*, 931 A.2d 764, 767 n.3 (Pa. Cmwlth. 2007).

4

money to bring his or her mortgage current. The PHFA loan is secured by the property and must be repaid with interest. Sections 405-C(g) and 406-C of Act 91, 35 P.S. §§1680.405c(g), 1680.406c. The homeowner may also be entitled to monthly mortgage assistance payments from PHFA, Section 405-C(b) of Act 91, 35 P.S. §1680.405c(b), but the homeowner must be able to resume full monthly mortgage payments within 24 months. Section 405-C(f) of Act 91, 35 P.S. §1680.405c(f).

To qualify for a loan, a homeowner must show that he or she has a reasonable prospect of resuming full mortgage payments within the required timeframe. Section 404-C(a)(5) of Act 91 states, in relevant part, as follows:

> (a) No assistance may be made with respect to a mortgage or mortgagor under this article unless all of the following are established:
>
> \*\*\*
>
> (5) *The agency has determined that there is a reasonable prospect that the mortgagor will be able to resume full mortgage payments* within twenty-four (24) months after the beginning of the period for which assistance payments are provided under this article and pay the mortgage or mortgages in full by its maturity date or by a later date agreed to by the mortgagee or mortgagees for completing mortgage payments.

35 P.S. §1680.404c(a)(5) (emphasis added). To guide the evaluation of whether an applicant has a reasonable prospect of resuming full mortgage payments, PHFA has adopted a Statement of Policy.

5

The Statement of Policy identifies a number of factors relevant to the applicant's "reasonable prospect" of resuming mortgage payments. They include, *inter alia*, the following:

> (2) Potential for future changes in the homeowner's financial prospects through re-employment, schooling, training or debt reduction, or other income changes sufficient to enable the homeowner to resume full mortgage payments.
>
> \*\*\*
>
> (7) A homeowner's demonstrated ability to make regular monthly mortgage payments, even though those payments represented most of the homeowner's income. In determining whether the homeowner's future job and income prospects will be sufficient to enable the homeowner to pay the mortgage debt—including principal, interest, taxes and insurance—the Agency will take into consideration the amount of household income available to the homeowner for a reasonable period of time not to exceed 24 months prior to the circumstances which caused the mortgage delinquency and whether the income was sufficient as evidenced by documentation, including tax returns, Internal Revenue Service Form W–2 and tax transcripts....

12 Pa. Code §31.206(a).[5] The Statement of Policy states that lack of employment is not dispositive where the applicant can demonstrate:

> (1) A favorable work and credit history.
>
> (2) The ability and history of paying the mortgage when employed.
>
> (3) The lack of an impediment or disability that prevents reemployment.

---

[5] This Court has explained, "Section 31.206 is a statement of policy, not a regulation, and thus does not have the force and effect of law." *R.M. v. Pennsylvania Housing Finance Agency of Commonwealth*, 740 A.2d 302, 308 (Pa. Cmwlth. 1999).

(4) That he is actively seeking work, as evidenced by a written statement to that effect.

12 Pa. Code §31.206(b). On the other hand, PHFA "cannot base its determination on speculative income." *Cullins v. Pennsylvania Housing Finance Agency*, 623 A.2d 951, 954 (Pa. Cmwlth. 1993). Rather, it looks to an applicant's actual income history. *Id.*

At time of his HEMAP loan application, Goss's monthly expenses totaled $1,266, and his average net monthly income was $302.92.[6] By the time of the hearing, Goss's monthly expenses had increased to $1,311.83, but his average net monthly income was unchanged. Given the extent to which Goss's monthly expenses exceeded his monthly income, PHFA found that Goss was overextended. Thus, it concluded that there was no reasonable prospect of the applicant resuming mortgage payments within the required timeframe.

Goss argues that he has a reasonable prospect of resuming full mortgage payments because of his educational background, work history, and the potential for future income from his personal business, Rocket-7 Design. Goss has an associate degree in applied sciences of architectural technology. He has owned and operated Rocket-7 Design since 1994. Prior to his medical issues, he paid his mortgage in a timely manner.

PHFA must evaluate Goss's eligibility based on his actual income history. *Cullins*, 623 A.2d at 954. Goss did not produce any documentation of his prior income history. Notably, Goss did not file federal income tax returns in 2013

---

[6] Goss's income over the previous 12-month period totaled $4,846.71, or an average gross income of $403.89 per month. PHFA permits a 25% deduction to cover the payment of federal, state and local taxes, making Goss's net monthly income $302.92. Adjudication, 9/29/2018, at 6-7; S.R.R. 6b-7b.

7

or 2014, before his illness rendered him unable to work in November 2015. Further, Goss's bank statements and a profit and loss statement for Rocket-7 Design for the past 12 months show annual income of approximately $4,800. Certified Record (C.R.), Item No. 60 at 14-21.

Goss testified that he is actively seeking work and that he "has the ability to supplement his income with his established business." Goss's Brief at 30-31. Problematically, Goss did not provide PHFA with any documentation of his past income, such as tax returns, that could have demonstrated the level of income he will likely earn in the near future through Rocket-7 Design. Goss believes that he can return to earnings sufficient to cover his expenses, including the repayment of a PHFA loan. However, this is speculation not supported by evidence. *See Cullins*, 623 A.2d at 954 (holding that PHFA's determination of whether a homeowner has a reasonable prospect of resuming mortgage payments cannot be based on speculative income). Further, Goss's receipt of "social security disability" suggests that his employment opportunities are limited.

Finally, Goss contends that he has a reasonable prospect of resuming full mortgage payments because he now receives $771 a month in SSI benefits, $22.10 a month in state supplemental payment (SSP) benefits, and $192 a month in supplemental nutrition assistance program (SNAP) benefits. However, these additional sources of income are not sufficient to cover his monthly expenses of $1,211.08,[7] which exceed his total average net monthly income of $1,096.02. Goss is financially overextended and without sufficient income to maintain the mortgage.

---

[7] At the time of his appeal hearing, Goss's monthly expenses totaled $1,311.08, which included $100 in monthly grocery costs. His receipt of SNAP benefits would decrease his monthly expenses to $1,211.08.

In sum, Goss did not present the evidence needed to establish that he had a reasonable prospect of resuming full mortgage payments within 24 months of the date of his mortgage delinquency and paying the mortgage off by its maturity. Accordingly, PHFA's adjudication must be affirmed.

_____
MARY HANNAH LEAVITT, President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey L. Goss,                 :
           Petitioner      :
                              :
         v.                 :     No. 1592 C.D. 2018
                              :
Pennsylvania Housing Finance     :
Agency,                        :
          Respondent   :

## **O R D E R**

AND NOW, this 6th day of January, 2019, the adjudication of the hearing examiner dated September 29, 2018, affirming the decision of the Pennsylvania Housing Finance Agency to deny Jeffrey L. Goss's application for a loan under the Homeowner's Emergency Mortgage Assistance Loan Program,[8] is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge

---

[8] Act of December 3, 1959, P.L. 1688, No. 621, *as amended*, added by the Act of December 23, 1983, P.L. 385, No. 91, 35 P.S. §§1680.401c-1680.412c.