511 A.2d 290

Stewart Melrose, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Housing Finance Agency Homeowner's Emergency Mortgage Assistance Program, Respondent.

Argued April 10, 1986, before Judges MacPhail and Palladino, and Senior Judge Barbieri, sitting as a panel of three.

*Howard P. Rovner, Rovner, Allen, Seiken & Rovner,* for petitioner.

*Lawana M. Johns,* for respondent.

Opinion by Judge Palladino, July 7, 1986:

Stewart Melrose (Appellant) appeals from an order of the Pennsylvania Housing Finance Agency (Agency) which affirmed the rejection of Appellant's application for emergency mortgage assistance under the Homeowner's Emergency Mortgage Assistance Act (Act 91).[1]

Appellant owns a home in Philadelphia which is encumbered by a mortgage. In April of 1980, Appellant was placed on unpaid sick leave from his position with the City of Philadelphia and, in June of 1980, he was laid off by the City. Since that time, he has remained unemployed except for part-time jobs, and he has received, at various times, unemployment compensation, public assistance, and loans from family members. At his hearing before the Agency, Appellant testified that

---

[1] Act of December 23, 1983, P.L. 385, *as amended,* 35 P.S. §§1680.401c-1680.410c.

he had obtained employment in January of 1985, and is currently earning approximately $385 per week.

Appellant defaulted on his mortgage payments in April of 1980. He alleges that, although he has attempted to make partial payments on the mortgage, the mortgagee has refused to accept any amount less than the full amount owed. At the present time, Appellant's mortgage has an outstanding principal balance of approximately $21,000, the amount of the monthly payment owed is $289, and Appellant is over $17,000 in arrears.

Appellant applied for emergency mortgage assistance, which was denied by the Agency on the ground there was no reasonable prospect of Appellant being able to resume full monthly payments within three years and pay the mortgage by maturity.[2] The Agency noted that Appellant had not made any mortgage payments and had not had a full-time job in four years. The Agency also found that Appellant had an unfavorable residential mortgage credit history for the previous five years, because the delinquency began in April of 1980, while Appellant was not laid off until June of 1980.[3]

---

[2] Section 404c(a)(5) of Act 91 specifies that mortgage assistance is not available to an applicant unless:

> The Agency has determined that there is a reasonable prospect that the mortgagor will be able to resume full mortgage payments within thirty-six (36) months after the beginning of the period for which assistance payments are provided under this article and pay the mortgage or mortgages in full by its maturity date or by a later date agreed to by the mortgagee or mortgagees for completing mortgage payments.

35 P.S. §1680.404c(a)(5).

[3] Section 404c(a)(9) requires that:

> Except for the current delinquency, the mortgagor shall have had a favorable residential mortgage credit history for the previous five (5) years. This requirement shall

Appellant appealed the Agency's initial decision, which was affirmed by a hearing examiner, who determined that Appellant did not have a reasonable prospect of resuming full mortgage payments in thirty-six months and paying the mortgage in full by maturity.[4]

On appeal to this Court, Appellant contends that the Agency failed to consider his current employment, and other financial resources, in reaching its decision regarding the likelihood of Appellant being able to resume paying his mortgage.

Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or the findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *see also Hessler v. Pennsylvania Housing Financing Agency*, 92 Pa. Commonwealth Ct. 352, 500 A.2d 914 (1985).

Unfortunately, the record is inadequate to allow us to conduct our function of judicial review. We have held that "[t]he crucial aspect on appeal is whether there is a complete and accurate record of the testimony taken so that the appellant is given a base upon which he may appeal, and also that the appellate court is given a sufficient record upon which to rule on the questions

---

mean that, if the mortgagor has been more than three (3) consecutive months in arrears on a residential mortgage within the previous five (5) years, he shall be ineligible for assistance, unless the mortgagor can demonstrate that the prior delinquency was the result of financial hardship due to circumstances beyond his control. 35 P.S. §1680.404c(a)(9).

[4] The hearing examiner implicitly rejected the Agency's conclusion that Appellant had an unfavorable residential mortgage credit history, by finding that Appellant had been laid off on unpaid sick leave since April of 1980, the time when the delinquency began.

presented." *Sharp's Convalescent Home v. Department of Public Welfare,* 7 Pa. Commonwealth Ct. 623, 628, 300 A.2d 909, 911 (1973). In the case at bar, the transcript of the testimony taken at Appellant's hearing before the Agency is marked by numerous omissions (where the tape recording of the hearing was inaudible) including, at one point, a gap estimated by the stenographer to be approximately six minutes long. Because we find that the state of the record in the instant case precludes us from making a fair evaluation of the factual issues presented herein, we are forced to remand the case to the Agency for the making of a new record.

We add that the problem of the record's inadequacy is compounded by the Agency's failure to articulate what factors it considers relevant in determining whether or not a homeowner exhibits a reasonable prospect of being able to resume his or her mortgage payments. Our recent cases have noted that the Agency's interpretation of Act 91 is entitled to great weight and should be disregarded or overturned only if such construction is clearly erroneous. *Valentine v. Pennsylvania Housing Finance Agency,* 98 Pa. Commonwealth Ct. 350, 511 A.2d 915 (1986); *Crawl v. Pennsylvania Housing Finance Agency,* 98 Pa. Commonwealth Ct. 431, 511 A.2d 924 (1986). In the case at bar, however, the Agency does not give any indication of what facts it considered relevant, or what guidelines it utilized, in deciding that Appellant did not have a reasonable prospect of being able to resume mortgage payments and pay off his mortgage by maturity.

Importantly, although Appellant testified that he had obtained employment after his application for mortgage assistance was filed, the hearing examiner made no finding as to whether Appellant is in fact employed or whether Appellant has resources or potential income

which would allow him to resume making mortgage payments within a reasonable time. Moreover, in its brief to this Court, the Agency argues that "just because someone has resources does not mean that he will properly apply these resources," and that we should also consider Appellant's alleged lack of financial responsibility in determining whether he has a "reasonable prospect" of being able to resume his mortgage payments. On the state of the record, however, we cannot adequately review such a factor, especially since the Agency has made no specific findings as to what it considers to be evidence of Appellant's irresponsibility.

Accordingly, we remand the case to the Agency for a new hearing and for specific findings on the factors the Agency determines to be relevant in regard to the issue of whether or not Appellant has met the requirements imposed by Act 91.

### ORDER

AND NOW, July 7, 1986, the order of the Pennsylvania Housing Finance Agency at Appeal No. Fact 60, dated March 11, 1985, is vacated, and the case is remanded to the Agency for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.