## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Powell and Roger Powell,    :
                  Petitioners    :
    :
        v.    :
    :
Pennsylvania Housing Finance    :
Agency,    :   No. 2374 C.D. 2014
             Respondent    :   Submitted: July 24, 2015


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
              HONORABLE MARY HANNAH LEAVITT, Judge
              HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                      FILED: September 1, 2015


Donna and Roger Powell (collectively, the Powells) petition this Court, pro se, for review of the Pennsylvania Housing Finance Agency (Agency) Hearing Examiner's November 15, 2014 decision affirming the Agency's September 22, 2014 denial of the Powells' application for emergency mortgage assistance under the act known as the Homeowner's Emergency Mortgage Assistance Program (HEMAP/Act 91).[1] Essentially, the Powells present five[2] issues for this Court's review: (1) whether the Agency erred by considering allegations that the Powells failed to make mortgage payments when funds were available; (2) whether the Agency erred by using the undefined term "financial overextension;" (3) whether the Agency erred by not considering the Powells' unemployment and subsequent underemployment as a

---

[1] Act of December 3, 1959, P.L. 1688, added by Section 2 of the Act of December 23, 1983, P.L. 385, *as amended*, 35 P.S. §§ 1680.401c-1680.409c, 1680.412c.

[2] The Powells presented six issues for review; however, the first and second issues are virtually the same.

circumstance beyond the Powells' control; (4) whether the Agency erred in not considering the Powells' financial ability to purchase the mortgaged property before their loss of employment and subsequent underemployment; and (5) whether the Agency erred by not specifying the legislative clause that made the Powells ineligible for assistance. After review, we affirm.

The Powells own real property at 140 Cassell Road in Harleysville, Pennsylvania (Property). The Property is subject to a mortgage with a balance of $395,000.00. According to the record, the Powells' last mortgage payment was made in May 2014. On September 2, 2014, the Powells applied for emergency mortgage assistance under HEMAP. On September 22, 2014, the Agency denied the Powells' HEMAP application because:

> 1. [The Powells are] not suffering financial hardship due to circumstances beyond [the Powells'] control based on: [The Powells] [have] been employed and [have] had sufficient income to pay [the] mortgage.
>
> 2. [The Powells are] not suffering financial hardship due to circumstances beyond [their] control based on: Total mortgage delinquency is not due to circumstances beyond [their] control: [The Powells] year[-]to[-]date household income exceeds total monthly expenses. This implies [the] mortgage could have been maintained had [the] mortgage been considered a priority.

Supplemental Reproduced Record (S.R.R.) at 16b. The Powells appealed, and a hearing was held on October 30, 2014. On November 15, 2014, the Hearing Examiner affirmed the Agency's decision. The Powells appealed to this Court. [3]

---

[3] The Powells subsequently filed a Request for Advancement - Under Rule 2313. Advancement (Motion to Expedite). The Motion to Expedite is dismissed as moot.

"This Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are not supported by substantial evidence." *R.M. v. Pa. Hous. Fin. Agency*, 740 A.2d 302, 305 n.2 (Pa. Cmwlth. 1999).

2

The Powells first argue that the Agency erred by considering allegations that they failed to make mortgage payments when funds were available. Specifically, the Powells contend that the Agency went beyond the temporal scope of the appeal when in making its determination it considered whether mortgage payments were made after June 1, 2014. The Powells assert that had they known those dates were being considered, they would have provided proof of mortgage payments made on June 30, July 28 and October 2, 2014. *See* Powells' Br. Ex. D (Customer Account Activity Statement).

The Powells averred that "findings during the agency appeal that are beyond [] the time period ending on July 31, 2014 are beyond the scope of the agency appeal process[]" because "[a]ll of the information provided [] by [the Powells] to [the Agency] was for the time period prior to July 31, 2014."[4] Powells' Br. at 15. It appears the Powells are misconstruing Section 31.209(b) of the Agency's Regulations which provides: "A hearing may only be requested from a decision of the Agency **on an issue of fact determined on that application** that constitutes an adjudication under 2 Pa.C.S. § 101 (relating to definitions)." 12 Pa. Code § 31.209(b) (emphasis added). Clearly, any change in circumstances between the application date and the hearing date is relevant to the issue of whether the Powells are entitled to emergency mortgage assistance. For example, if either of the Powells had obtained higher paid employment or was laid off from their current positions at Lowe's after their application was filed, the Agency would be permitted to consider said circumstances in making its determination. *See Melrose v. Pa. Hous. Fin. Agency Homeowners Emergency Mortg. Assistance Program,* 511 A.2d 290 (Pa. Cmwlth. 1986) (matter remanded to Agency for making of a new record where applicant testified he

---

[4] This averment does not support the Powells' argument that the June 30 and July 28, 2014 mortgage payments should not have been considered.

obtained employment after his application for mortgage assistance was filed but hearing examiner made no finding regarding said employment).

At the October 30, 2014 hearing, the Hearing Examiner asked the Powells if they had "been able to bring the mortgage payments current[,]" to which Roger Powell replied, "um we have not." S.R.R. at 53b. Further, the Hearing Examiner stated: "The Act 91 notice is dated July 14, 2014 and it stated that the monthly payments are due for June 1st 2014. So what happened that they became delinquent in June?" S.R.R. at 58b. Roger Powell answered: "Basically[,] we just ran out of money." *Id.* Finally, the Hearing Examiner inquired of the Powells: "Now when do you feel you could resume making the full mortgage payments of $2,230.00?" S.R.R. at 60b. Donna Powell retorted: "I have no idea." *Id.* Roger Powell rejoined: "Uh we would be able to do that, I explained that, the different options that we would have to repay the loan and get back on track and that's probably something on the order of twelve to eight [sic] months." *Id.* At no time did either of the Powells mention the fact that they had actually made mortgage payments in the amount of $2,300.00, $2,320.00 and $2,130.00 since June 1, 2014. Thus, the Agency's failure to consider those payments was due to the Powells' neglect in not presenting the evidence to the Hearing Examiner. Moreover, given the Agency's extensive review of the Powells' income and expenses from 2010 through 2014, the conclusion that the Powells failed to make mortgage payments when funds were available would not be undermined by consideration of the three mortgage payments made after June 1, 2014. Rather, the fact that the Powells made said mortgage payments further substantiates the Agency's determination. Accordingly, the Agency did not err in this regard.

The Powells next assert that the Agency erred by using the undefined term "financial overextension" and by not accepting said "financial overextension" as a circumstance beyond the Powells' control. Specifically, the Powells contend that

4

the term is "without documented support within the . . . Agency or the enabling legislation, and [is] arbitrary and capricious." Powells' Br. at 18 (emphasis omitted).

Section 404–C(a) of HEMAP provides that a mortgagor may not receive assistance unless:

> (4) The mortgagor is a permanent resident of this Commonwealth and is suffering **financial hardship due to circumstances beyond the mortgagor's control** which render the mortgagor unable to correct the delinquency or delinquencies within a reasonable time and make full mortgage payments.
>
> . . . .
>
> (10) For purposes of this section, in order to determine whether the financial hardship is due to circumstances beyond the mortgagor's control, the agency may consider information regarding the mortgagor's employment record, credit history and current income.

35 P.S. § 1680.404c(a) (emphasis added). Section 31.205(c) of the Agency's Regulations states, in relevant part:

> *Disallowance.* The following circumstances will not be considered by the Agency to be beyond the mortgagor's control:
>
> . . . .
>
> (4) When the homeowner's **financial hardship was a result of money mismanagement or an over extension of credit to the homeowner**. In this regard, the Agency will consider the following in determining whether the homeowner used prudent financial management:
>
> (i) The homeowner's continued payment of normal and necessary living expenses after the financial hardship occurred will not be considered evidence of poor financial management. The homeowner's continuing to make reasonable payments on debts reasonably incurred prior to the financial hardship also will not be considered evidence of poor financial management.

> (ii) Debts incurred or expenditures made by the homeowner for non-necessities, during the financial hardship, which exceeded the homeowner's ability to pay, will be considered evidence of poor financial management.

12 Pa. Code § 31.205(c) (emphasis added). The Agency's Regulations expressly provide that financial mismanagement and overextension are not circumstances beyond an applicant's control. Thus, the Agency did not err by using the term "financial overextension," and by not accepting it as a circumstance beyond the Powells' control.

The Powells next maintain that the Agency erred by not considering the Powells' unemployment and subsequent underemployment as a circumstance beyond their control. Initially, Section 31.205(a) of the Agency's Regulations provides in relevant part:

> The Agency will consider all relevant factors when evaluating whether the homeowner is suffering financial hardship and whether the financial hardship is due to circumstances beyond the homeowner's control, including the following:
>
> . . . .
>
> (4) The homeowner's employment history--including unemployment, **underemployment** and the reasons therefore--and eligibility for other types of financial assistance.

12 Pa. Code § 31.205(a) (emphasis added). Underemployment is not defined in the regulations.

According to Roger Powell's testimony, the Powells "were both earning roughly $70,000.00 [annually] each" before they lost their jobs. S.R.R. at 55b. The Hearing Examiner established on the record that "[a]t the time of application review" Donna Powell was earning "$2,160.58" per month at Lowe's, and Roger Powell was "averaging $930.62 per month" from Lowe's. S.R.R. at 53b. Donna Powell

6

previously worked for a builder selling new construction and presently she is a sales person in the retail industry. *See* S.R.R. at 55b. Roger Powell was an engineering manager for a pharmaceutical company until the company closed. *See* S.R.R. at 56b. Thus, the Powells' reference to their underemployment relates to their current lesser paying employment at Lowe's.

> The Hearing Examiner found the following facts:
>
> The [Powells] stated that they both lost their full-time jobs in November 2009 . . . .
>
> According to the testimony, Donna Powell was employed for a builder for approximately 15 years. In November 2009, the company closed and [Donna] Powell was laid off. After her layoff, she received unemployment compensation benefits. In October 2010, [Donna] Powell secured employment with Lowe's. . . .
>
> Roger Powell was employed at Hull Corp for approximately 5 1/2 years prior to November 2009. In November 2009 the company closed and [Roger] Powell was laid off. After his layoff [Roger] Powell received unemployment compensation benefits. In April 2011 [Roger] Powell secured employment with Lowe's.

Hearing Examiner Dec. at 2. Clearly, the Hearing Examiner considered the Powells' unemployment and subsequent underemployment.

However, the Hearing Examiner also considered the fact that although the Powells lost their jobs in 2009, and have been underemployed since 2010 and 2011 respectively, they have not produced evidence that they have reduced their expenses in any way to accommodate these losses. Rather, they have continued to drain their savings and retirement accounts as well as overextend their credit to maintain their lifestyle. In December 2013, the Powells were approved for an $8,500.00 auto loan for which they incurred an additional monthly payment of $250.00. Further, after their lawnmower broke, they hired a lawn service costing

7

over $300.00 per month between March and September 2014, the months immediately prior, during and after their mortgage delinquency. Thereafter, they purchased a new lawnmower on credit, thereby incurring additional monthly debt. Moreover, when their daughter became unemployed in May 2014, the Powells repaid her $3,000.00 which she had loaned them to purchase a new water heater the previous year. While the Powells' unemployment and subsequent underemployment may have been circumstances beyond their control, their failure to reduce their expenses, hiring a lawn service, continued credit card use, an $8,500.00 car purchase and a lump sum $3,000.00 loan repayment immediately prior to their mortgage delinquency were not.

In determining whether an applicant's financial hardship is due to circumstances beyond the applicant's control, the Agency **may** consider the applicant's employment record as well as credit history and current income. 35 P.S. § 1680.404c(a). The Agency did not err because it did consider the Powells' unemployment and subsequent underemployment. The fact that the Agency did not find that the Powells' unemployment and underemployment were circumstances beyond their control which resulted in their financial hardship does not constitute legal error.

The Powells next claim that the Agency erred in not considering their ability to purchase the Property before their loss of employment and subsequent underemployment. Specifically, the Powells aver that because the Agency only reviewed tax returns from the period of their underemployment, it did not consider their financial qualifications to purchase their Property before their emergency mortgage application. However, there is no statutory or regulatory requirement that the Agency consider applicants' financial ability to purchase their home before making application for emergency mortgage assistance. Indeed, the Powells aver in their brief that: "It is obvious that this inquiry and calculation **should be a requirement** in the application review in order to determine the financial condition

8

prior to the unemployment and underemployment period." Powells' Br. at 21 (emphasis added).

The Powells appear to infer this requirement from a statement made in the Hearing Examiner's decision. *See* Powells' Br. at 20. The Hearing Examiner opined:

> The Agency also reviews [] Federal Income Tax Returns to determine the historical income to the household. The income, as it is reported to the federal government, displays whether the [Powells] demonstrated an ability to successfully maintain the mortgage payments when they entered into [the] mortgage, their ability to maintain their overall expenses and whether they can be expected to generate sufficient income in the future to support their obligations.

Hearing Examiner Dec. at 6. While this excerpt explains the Agency's purpose in examining personal income tax returns, it in no way implies or imposes a requirement on the Agency to examine the Powells' financial ability to purchase the Property before their unemployment and subsequent underemployment. Rather, the subject statement was the Agency's introduction to its discussion of the Powells' 2011, 2012 and 2013 income tax returns.[5] Accordingly, the Agency did not err in not considering the Powells' qualifications to purchase the Property before their unemployment and subsequent underemployment.

Finally, the Powells argue that the Agency erred by not specifying the legislative clause that rendered them ineligible for assistance. However, Section 404-C(a)(4) of HEMAP, expressly provides that an applicant will not receive assistance unless "[t]he mortgagor . . . **is suffering financial hardship due to circumstances beyond the mortgagor's control**[.]" 35 P.S. § 1680.404c(a)(4) (emphasis added). Here, the Agency specifically denied the Powells' HEMAP application because:

_____

[5] Although the Agency also requested the Powells' 2010 tax return, it was not produced.

1. [**The Powells are] not suffering financial hardship due to circumstances beyond [the Powells'] control** based on: [the Powells] [have] been employed and [have] had sufficient income to pay [the] mortgage.

2. [**The Powells are] not suffering financial hardship due to circumstances beyond [their] control** based on: Total mortgage delinquency is not due to circumstances beyond [their] control: [the Powells] year to date household income exceeds total monthly expenses. This implies [the] mortgage could have been maintained had [the] mortgage been considered a priority.

S.R.R. at 16b (emphasis added). Moreover, the Hearing Examiner concluded:

Therefore, based on a review of the record at this time, a mortgage assistance loan was properly denied on the basis: [The Powells are] not suffering financial hardship due to circumstances beyond [their] control based on: Total mortgage delinquency is not due to circumstances beyond [their] control. (Act 91, Section 404-C([a])).

Hearing Examiner Dec. at 7. Clearly, Section 404-C(a)(4) of HEMAP is the legislative authority under which the Agency deemed the Powells ineligible for assistance.

For all of the above reasons, the Agency's decision is affirmed.

_____
ANNE E. COVEY, Judge

10

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Donna Powell and Roger Powell,    :
                Petitioners    :
                            :
              v.          :
                            :
Pennsylvania Housing Finance    :
Agency,                    :    No. 2374 C.D. 2014
                Respondent    :

### O R D E R

AND NOW, this 1st day of September, 2015, the Pennsylvania Housing Finance Agency Hearing Examiner's November 15, 2014 decision is affirmed. Donna and Roger Powell's Request for Advancement (Motion to Expedite) is dismissed as moot.

_____
ANNE E. COVEY, Judge