505 A.2d 649

Harry W. Koch, Jr., Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Housing Finance Agency, Respondent.

Submitted on briefs January 21, 1986, to President Judge CRUMLISH, JR., Judge ROGERS, and Senior Judge KALISH, sitting as a panel of three.

*David A. Scholl,* for petitioner.

*Lawana M. Johns,* for respondent.

OPINION BY JUDGE ROGERS, March 7, 1986:

Harry W. Koch (petitioner) has petitioned for review of an order of a hearing examiner affirming the Pennsylvania Housing Finance Agency's (PHFA) denial of petitioner's application for mortgage assistance.

The petitioner and his first wife, Frances, obtained a mortgage loan in 1977 to finance the purchase of a house. The couple separated in 1979 and Frances continued to occupy the house and pay the mortgage. Frances moved out of the house in August 1982 and rented it to her sister with the understanding that the mortgage would be paid directly to the mortgagee by the sister as part of her rental obligation.

In April 1983, the petitioner moved back into the house. He began to receive foreclosure notices and discovered that the mortgage had been in default since September 1982. The petitioner did not make payments on the mortgage because at the time the petitioner moved back he was then unemployed. He found work in June 1983.

On May 16, 1984, the mortgagee sent a notice to the petitioner pursuant to the Homeowners' Emergency Mortgage Assistance Program (Act 91), Act of December 23, 1983, P.L. 385, 35 P.S. §§1680.401c-1680.410c, advising him that his mortgage was delinquent from September 1982 through May 1984. The petitioner filed with PHFA a request for financial assistance pursuant to Act 91 on June 13, 1984; the request was denied. Following a hearing, a hearing examiner affirmed the denial on the ground that the petitioner had failed to meet all of the requirements for eligibility as set forth in Section 404c of Act 91, 35 P.S. §1680.404c. The examiner found:

1. No reasonable prospect of mortgagor resuming full payments within thirty-six (36) months and paying mortgage by maturity;

mortgagee is more than 3 years delinquent since September 1, 1982. [Section 404c(a)(5) of Act 91, 35 P.S. §1680.404c(a)(5).]

2. Mortgagor is not suffering financial hardship due to circumstances beyond mortgagor's control. [Section 404c(a)(4) of Act 91, 35 P.S. §1680.404c(a)(4).]

3. Unfavorable mortgage credit history of previous 5 years; mortgagor failed to pay mortgage when employed. [Section 404c(a)(9) of Act 91, 35 P.S. §1680.404c(a)(9).]

The petitioner contests these findings as not supported by the evidence, but since the petitioner had the burden of establishing the facts necessary to his entitlement and the orders were in favor of the PHFA, the petitioner must persuade us that the fact finder capriciously and arbitrarily disregarded evidence which one of ordinary intelligence could not possibly challenge or entertain the slightest doubt as to its truth. *Rice v. A. Steiert & Sons, Inc.,* 8 Pa. Commonwealth Ct. 264, 301 A.2d 919 (1973).

The petitioner contests the finding that there was no reasonable prospect that he would resume full payments within thirty-six months or pay the mortgage by its maturity based on his testimony that he could resume payments immediately and make a lump-sum payment toward his delinquency. However, other evidence adduced at the hearing revealed that the petitioner's mortgage was three years in arrears; that the petitioner had adequate resources to pay the mortgage from June 1983 until June 1984 when he applied for assistance; and that the petitioner had paid nothing during that period when he was in default. It was not an act of capricious or arbitrary disregard of evidence on the part of the hearing examiner to have discounted the petitioner's assurance he would do in the future what he had failed to do in the past.

The petitioner contests the finding that he is not suffering from financial hardship on the ground that the delinquency was not his fault; that he had taken adequate precautions to prevent a delinquency; and that he was deceived by someone he trusted when his former sister-in-law failed to make the payments as promised. The requirement of Act 91 is that he establish that his difficulties were beyond his control. Surely, his sister-in-law's defections were not beyond his control. By a simple inquiry of the mortgagee, he could have righted that condition; and after he got work in 1983 he could have paid the mortgage.

The finding that the petitioner had an unfavorable mortgage credit history for the previous five years is contested on the ground that prior to the current delinquency, dating back to September 1982, the petitioner made all his mortgage payments, which establishes that he had a favorable mortgage credit history.

Section 404c(a)(9) of Act 91, 35 P.S. §1608.404c (a)(9), provides that except for the current delinquency, the mortgagor shall have had a favorable residential mortgage credit history for the previous five years. The petitioner asserts that the current delinquency is the three year period that he has been in default dating back to September 1982. We agree. The statute clearly states that whether the mortgagor has a favorable credit history is to be determined without considering the current delinquency. The regulations promulgated pursuant to Act 91 provide in pertinent part:

> The Agency must determine that the homeowner has had a favorable residential mortgage credit history for the past 5 years. This means that, *prior to the present mortgage delinquency,* the homeowner shall not have been in arrears on a residential mortgage for a period of more than 3 consecutive months within the previous

5 years, unless such delinquency was the result of financial hardship due to circumstances beyond the homeowner's control (emphasis added).

16 Pa. Code §40.204(b)(3). This code section further supports the petitioner's interpretation that we must look only at his credit history prior to the current delinquency, which began in September 1982. Accepting petitioner's argument, however, does not require us to overturn the finding of the hearing examiner. The petitioner had the burden to prove that his credit history was favorable for the five years preceding the current default, 1977-1982. There is no evidence on the record regarding the petitioner's credit history during those years and therefore the petitioner has failed to meet his burden.

Order affirmed.

ORDER

AND Now, this 7th day of March, 1986, the order of the Pennsylvania Housing Finance Agency in the above-captioned matter is affirmed.