IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia L. Vasco, : 
      : No. 2400 C.D. 2015
           Petitioner : Submitted: April 22, 2016
      :
          v. :
      :
Pennsylvania Housing :
Finance Agency, :
      :
          Respondent :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                         FILED: August 11, 2016

Patricia L. Vasco (Petitioner), proceeding *pro se*, petitions for review of the decision of a Hearing Examiner of the Pennsylvania Housing Finance Agency (PHFA) affirming the PHFA's denial of her application for emergency mortgage assistance under the statute known as the Homeowner's Emergency Mortgage Assistance Loan Program (HEMAP) Act (Act 91).[1] We affirm.

In 2006, Petitioner inherited the house in which she resides unencumbered by a mortgage. Before obtaining title, she resided with family at the residence for some time and paid the property taxes and insurance. In 2002, the property taxes increased from $2,200 per year to $4,000 per year. After the taxes had become delinquent for three to four years, Petitioner obtained a mortgage

---

[1] Act of December 3, 1959, P.L. 1688, added by the Act of December 23, 1983, P.L. 385, *as amended*, 35 P.S. §§1680.401c-1680.410c.

from Clearview Federal Credit Union (Clearview) in 2006 to pay the delinquent taxes and other debts. Her monthly mortgage payment was $570.00. In February 2015, Petitioner refinanced the mortgage through Midwest Loan Services (Midwest) as Clearview's servicing agent which increased her monthly mortgage payment to $695.19.

In June 2015, Petitioner was notified by her lender that the mortgage was in default and that the lender intended to foreclose. Supplemental Reproduced Record (S.R.R.) at 10b-16b. As a result, Petitioner sought assistance from a consumer credit counseling agency and applied to PHFA for a HEMAP loan. *Id.* at 17b-19b.

PHFA denied Petitioner's application on the basis that there was no reasonable prospect of her resuming full mortgage payments within 24 months from the date of delinquency and paying the mortgage by maturity[2] because: (1) Petitioner's income is insufficient to maintain the mortgage because her total monthly expenses exceed her net monthly income by $1,849.66; (2) Petitioner's

---

[2] Section 404-C(a)(5) of Act 91 states:

> (a)  No assistance may be made with respect to a mortgage or mortgagor under this article unless all of the following are established:
>
> * * *
>
> (5)  The agency has determined that there is a reasonable prospect that the mortgagor will be able to resume full mortgage payments within twenty-four (24) months after the beginning of the period for which assistance payments are provided under this article and pay the mortgage . . . in full by its maturity date or by a later date agreed to by the mortgagee . . . for completing mortgage payments.

35 P.S. §1680.404c(a)(5).

income has been insufficient to maintain the mortgage for the past 2 years because her total monthly expenses exceed the highest reported income on the federal income tax returns that she provided; and (3) Petitioner's total debt indicates no reasonable prospect of her resuming full mortgage payments within 24 months from the date of delinquency and paying the mortgage by its maturity. S.R.R. at 21b. PHFA also denied Petitioner's application on the basis that she is not suffering financial hardship due to circumstances beyond her control[3] because the financial hardship is due to overextension. *Id.*

Petitioner appealed the adverse action and a Hearing Examiner conducted a telephonic hearing at which Petitioner testified. S.R.R. at 30b-57b. By letter dated October 6, 2015, the Hearing Examiner advised Petitioner that based on the findings of fact developed from the hearing record, PHFA properly

---

[3] Section 404-C(a)(4) and (10) of Act 91 states:

> (a) No assistance may be made with respect to a mortgage or mortgagor under this article unless all of the following are established:
>
> * * *
>
> (4) The mortgagor . . . is suffering financial hardship due to circumstances beyond the mortgagor's control which render the mortgagor unable to correct the delinquency . . . within a reasonable time and make full mortgage payments.
>
> * * *
>
> (10) [I]n order to determine whether the financial hardship is due to circumstances beyond the mortgagor's control, the agency may consider information regarding the mortgagor's employment record, credit history and current income.

35 P.S. §1680.404c(a)(4), (10).

denied her application for a HEMAP loan because there was no reasonable prospect of her resuming full mortgage payments within 24 months from the date of delinquency and paying the mortgage by its maturity[4] and the mortgage delinquency was not due to circumstances beyond her control.[5] *Id.* at 1b-9b.

---

[4] With respect to Petitioner's eligibility under Section 404-C(a)(5), the Hearing Examiner found:

> [Petitioner] lost a job during 2002, but received unemployment benefits from June 2002 until September 2002. . . . From December 2002 until February 2005 [Petitioner] was employed. Following a period of unemployment (beginning February 2005), [Petitioner] secured new employment during September 2005 and remained steadily employed until October 22, 2013. . . . In December 2013 [Petitioner] began employment with Morgan Stanley. In February 2014 [Petitioner] broke her leg and was off work for six (6) month will full pay. However, she was not working and generating new business/assets and her employer terminated her employment in July 2015. Also, during 2014 [Petitioner] incurred veterinary expenses of $6,900 that are a part of her monthly installment debts. . . . Plumbing expenses were incurred in December 2014, January, February and April 2015. The mortgage was refinanced and the monthly payments increased in February 2015 from $570 to $659.19. . . . When [Petitioner] completed her HEMAP application on June 24, 2015 her average net monthly income from Morgan Stanley was $2,257.51. The monthly expenses reported totaled $4,107.17. Thus, [PHFA] found that the average net monthly income was not sufficient to support the monthly expenses.
>
> The [monthly] income history is as follows: 2010 - $1,773, 2011 - $1,817, 2012 - $1,778, 2013 - $1,756 and 2014 - $1,997. As stated, the monthly expenses that were reported at the date of application totaled $4,107.17 (housing expenses of $922.19, Installment Debt - $1,080, Living Expenses - $1,866.00 and Payroll Deductions - $238.98). The income history verifies that at no time from 2010 through 2014 was [Petitioner] generating sufficient income to maintain the mortgage payments and the level of monthly expenses. While [Petitioner] attributes the mortgage

**(Footnote continued on next page…)**

(continued…)

delinquency to circumstances that she referred to as "once in a lifetime specific emergencies," (which based on her statements began as far back as 2002) the insufficient income to maintain the monthly obligations is ongoing. As of appeal hearing [Petitioner] reported being unemployed. Her average net monthly income from unemployment compensation benefits is $1,324.98. The monthly expenses were reviewed and revised during the appeal hearing and totaled $2,286.19. However, it is noted that the total is inclusive of installment debt of $1,000. Based on [Petitioner] currently paying only $458 of installment debt, the overall monthly expenses total $1,744.19. . . . Based on the review of the employment history, the income history from tax returns, the income at the date of application (June 2015) and on the income at the date of appeal hearing, this appears to be an ongoing situation and it does not appear likely that the income will increase to the level necessary to resume the mortgage payments and maintain all other obligations. Any future income from a law suit, settlements, disability claims or other employment must remain speculative at this time. In this context, the mortgage assistance loan was properly denied on the basis: No reasonable prospect of applicant resuming full mortgage payments within twenty-four (24) months from the date of the mortgage delinquency and paying mortgage(s) by maturity.

S.R.R. at 7b, 8b.

[5] With respect to Petitioner's eligibility under Section 404-C(a)(4), the Hearing Examiner found:

[PHFA] believes that in order to successfully maintain the mortgage and all other household expenses, the housing expense alone should require no more than 40% of the average net monthly income, leaving the remaining 60% of the monthly income to support the other monthly expenses. [Petitioner]'s housing expense totals $922.19, which represents 52% of the average net monthly income of $1,773 generated during 2010, 51% of the $1,817 average net monthly income during 2011, 52% of the average net monthly income $1,778 during 2012, 53% of the average net monthly income of $1,756 during 2013, 46% of the

(Footnote continued on next page…)

In this appeal,[6] Petitioner argues[7] that the Hearing Examiner erred in failing to properly consider or explain her findings regarding Petitioner's ineligibility for a HEMAP loan under Section 404-C(a)(5). Specifically, Petitioner contends that although the Hearing Examiner considered information regarding Petitioner's lawsuit[8] and her work history and efforts at reemployment, the Hearing

---

(continued…)

> average net monthly income of $1,997 during 2014 and 41% of the average net monthly income through June 2015. The comparison of the income versus the monthly expenses exhibits that at no time was [Petitioner] generating the level of income necessary to successfully support her mortgage payments and this level of monthly expenses. Thus, financial overextension is evidenced and appears to have been a factor in the mortgage delinquency. In this context, the mortgage assistance loan was properly denied on the basis: Applicant is not suffering financial hardship due to circumstances beyond applicant's control based on: Total mortgage delinquency is not due to circumstances beyond applicant's control.

S.R.R. at 8b-9b.

[6] "This Court's scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or necessary findings of fact are not supported by substantial evidence." *R.M. v. Pennsylvania Housing Finance Agency*, 740 A.2d 302, 305 n.2 (Pa. Cmwlth. 1999), *appeal denied*, 754 A.2d 390 (Pa. 2000).

[7] We reorder Petitioner's claims for the sake of clarity.

[8] Petitioner asserts that there is a "credible prospect of recei[ving] damages pursuant [to] her lawsuit in connection with her broken leg." Petitioner's Brief at 13. However, at the hearing, Petitioner's counsel stated that with respect to this injury, the "medical records are being [] compiled"; "there are dealings with the insurance company as they collect the medical records . . . now that it appears that [Petitioner] has reached an MI"; and concluded that "there is not an actual complaint, obviously, that is forthcoming in the near future." S.R.R. at 45b. At the hearing, Petitioner acknowledged that "I was ignorant in how long these things take and [] I hadn't asked [counsel]." *Id.*

Examiner failed to make any findings regarding the reasonable prospect of Petitioner's ability to resume full mortgage payments within 24 months from the date of delinquency and paying the mortgage by its maturity.

An applicant for a HEMAP loan has the burden of establishing the facts necessary to qualify under Act 91. *Koch v. Pennsylvania Housing Finance Agency*, 505 A.2d 649, 650 (Pa. Cmwlth. 1986). In addition, a hearing examiner cannot consider "speculative income" that an applicant may make in the future when determining whether the applicant satisfies the requirements of Section 404-C(a)(5). *R.M.*, 740 A.2d at 308; *Cullins v. Pennsylvania Housing Finance Agency*, 623 A.2d 951, 954-55 (Pa. Cmwlth. 1993). As a result, a hearing examiner does not abuse her discretion or commit an error of law when the applicant's evidence of future income is speculative and/or legally insufficient to demonstrate that there is a reasonable probability that the mortgage payments will resume and the mortgage will be paid off in a timely fashion. *See R.M.*, 740 A.2d at 308 (holding that although the applicant presented evidence that he had significant earning potential, the applicant failed to present evidence as to when he could expect to earn this income; therefore, "[i]t was reasonable for the hearing examiner to conclude that [the applicant's] future income was speculative" and "the hearing examiner did not err as a matter of law in denying [the] application for mortgage assistance."); *Cullins*, 623 A.2d at 954-55 (holding that PHFA "cannot base its determination on speculative income"; determining that the applicant's evidence failed to establish that she would be guaranteed hours by an employer and that future employment was merely a possibility; and concluding from these premises that the hearing examiner did not err in considering the applicant's only source of

7

guaranteed income and financial debt and finding that the applicant was disqualified under Section 404-C(a)(5)).

As outlined above, the Hearing Examiner in this case found that Petitioner had no reasonable prospect of resuming mortgage payments in 24 months and satisfying the mortgage debt by its maturity date because her monthly expenses and mortgage payment for the 5 years preceding application dramatically exceeded her income. S.R.R. at 7b.[9] As a result, the Hearing Examiner concluded:

> Based on the review of the employment history, the income history from tax returns, the income at the date of application (June 2015) and on the income at the date of appeal hearing, this appears to be an ongoing situation and it does not appear likely that the income will increase to the level necessary to resume the mortgage payments and maintain all other obligations. Any future income from a law suit, settlements, disability claims or other employment must remain speculative at this time.

*Id.*

---

[9] PHFA will generally determine that an applicant has demonstrated a reasonable prospect of resuming payments and paying the mortgage by maturity despite unemployment by presenting evidence of: (1) a favorable work and credit history; (2) the ability and history of paying the mortgage when employed; (3) the lack of an impediment or disability that prevents reemployment; and (4) that she is actively seeking work as evidenced by a written statement to that effect. 12 Pa. Code §31.206. As we have explained:

> Satisfaction of these factors, however, does not necessarily compel the conclusion that homeowner is qualified for mortgage assistance. Rather, [PHFA] is free to consider in toto those four factors, as well as others, and then, based on that guidance and [its] own judgment, decide whether an applicant is qualified for mortgage assistance.

*R.M.*, 740 A.2d at 307.

8

Significantly, Petitioner did not adduce any evidence, even speculative evidence, to suggest that she could obtain income in excess of her documented expenses or that she has the financial wherewithal through a settlement or any other means to meet the statutory requirements of Section 404-C(a)(5). Absent such evidence, the Examiner had no factual basis upon which to conclude that she could. Therefore, given this record, the Hearing Examiner did not err in determining that Petitioner was ineligible for a HEMAP loan under Section 404-C(a)(5) and made ample findings in this regard. *See R.M.*, 740 A.2d at 308; *Cullins*, 623 A.2d at 954-55. *See also Mull v. Pennsylvania Housing Finance Agency*, 529 A.2d 1185, 1188 (Pa. Cmwlth. 1987) (holding that the hearing examiner did not err in determining that there was no reasonable prospect of applicant resuming mortgage payments within the required time frame where the applicant's income was insufficient to meet her monthly expenses).[10]

Accordingly, PHFA's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

_____

[10] Petitioner also claims that the Hearing Examiner erred in determining that she is ineligible under Section 404-C(a)(4) of Act 91 as well. *See* Petitioner's Brief at 8-12. However, because Petitioner was properly found to be ineligible under Section 404-C(b)(5) as outlined above, she is not entitled to a HEMAP loan as a matter of law regardless of any purported error with respect to Section 404-C(a)(4). *See, e.g., Phillips v. Pennsylvania Housing Finance Agency*, 554 A.2d 607, 610-11 (Pa. Cmwlth. 1989) ("Accepting as true every bit of the above noted testimony, we hold, as a matter of law, that it is insufficient to establish a reasonable prospect that Petitioners could resume full mortgage payments . . . after the beginning of the period for which assistance payments would be provided. . . . Because of our resolution of this issue, we need not address the other issues raised by Petitioners.").

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Patricia L. Vasco,                            :
                                              : No. 2400 C.D. 2015
                        Petitioner            :
                                              :
              v.                              :
                                              :
Pennsylvania Housing                          :
Finance Agency,                               :
                                              :
                        Respondent            :


# O R D E R


AND NOW, this 11<u>th</u> day of <u>August</u>, 2016, the order of the Pennsylvania Housing Finance Agency dated October 6, 2015, at No. HE0003014727 is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge