# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juliett Barzilayev,                               :
                          Petitioner        :
                                            :
          v.                                :      No. 242 C.D. 2016
                                            :      Submitted:  July 1, 2016
Pennsylvania Housing Finance                :
Agency,                                     :
                          Respondent        :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE COHN JUBELIRER                    FILED: August 17, 2016

Juliett Barzilayev (Homeowner), proceeding pro se, petitions this Court for
review of the Decision of a Hearing Examiner (Examiner) affirming the
Pennsylvania Housing Finance Agency's (Agency) denial of her application for a
Homeowner's Emergency Mortgage Assistance (HEMAP) loan under the Act
commonly referred to as the Homeowner's Emergency Mortgage Assistance Loan
Program (Act 91).[1]  Homeowner argues on appeal that the Examiner's decision is
not supported by substantial evidence and that the Examiner abused her discretion

---

[1] Act of Dec. 3, 1959, P.L. 1688, as amended, 35 P.S. §§ 1680.401c–1680.409c,
1680.412c.  Sections 401-C to 409-C were added by Section 2 of the Act of Dec. 23, 1983, P.L.
385, and Section 412-C was added by Section 5 of the Act of July 8, 2008, P.L. 841.

by not including an anticipated award of spousal support in the calculation of Homeowner's monthly income. Upon review, we affirm.

Initially, we note that during 2015, Homeowner filed two applications with the Agency; however, only the Agency's denial of the second application is currently before the Court. Although the Agency initially approved Homeowner's first application, approval was subsequently rescinded, and the rescission was affirmed by a hearing examiner in April, 2015. (Notice of Decision of Hearing Examiner, April 16, 2015 (April Decision), O.R. Item 21.) The Record indicates that Homeowner did not appeal the April Decision to this Court.

The facts are as follows. Homeowner and her husband purchased a property on Welsh Road in Philadelphia (the Property) on March 22, 2007.[2] (Deed, Supplemental Reproduce Record (S.R.R.) at 45b-48b.) The mortgage on the Property became delinquent in August, 2014. (Mortgage Statement at 1, O.R. Item 18.) The Agency initially approved Homeowner's first application for a HEMAP loan on January 16, 2015, because (1) Homeowner assured the Agency that she would receive spousal support in the near future "and could resume full mortgage payments," and (2) Homeowner agreed to contribute $3,000 towards the Property's arrearage, demonstrating that "payment of the mortgage was a priority." (April Decision at 4.) After several unsuccessful attempts to collect the $3,000 that

---

[2] It appears from the Record that Homeowner and her husband became estranged in July, 2014, and that divorce proceedings are ongoing. See, e.g., Letter from Juliett Barzilayev, O.R. Item 23 (stating that Homeowner's husband left in July, 2014); Emergency Petition to Prevent Dissipation of Marital Assets, O.R. Item 29 (averring that Homeowner's husband filed for divorce in February, 2015).

2

Homeowner had initially agreed to pay towards the arrearage,[3] on March 3, 2015, the Agency rescinded its approval for a HEMAP loan on the following basis:

> No reasonable prospect of [Homeowner] resuming full mortgage payments within twenty-four (24) months from the date of the mortgage delinquency and paying the mortgage(s) by maturity based on: [Homeowner's] income is insufficient to maintain mortgage. [Homeowner's] income from Social Security is less than the mortgage payment. As of 3/2/15, Homeowner has not received spousal support.

(Id. at 1 (internal citations omitted).) The Record indicates that Claimant did not appeal this decision.

The application denial currently before this Court has its origins in a notice of intent to foreclose (Act 91 Notice) mailed by the Property's mortgagee, Select Portfolio Servicing, Inc., on July 23, 2015. (Act 91 Notice, S.R.R. at 6b-11b.) Homeowner had a face-to-face meeting with a credit counselor on August 19, 2015 to complete a HEMAP Loan application. (Confirmation of Face-to-Face Meeting, S.R.R. at 12b; Application for HEMAP Loan, S.R.R. at 13b-14b.) On September 14, 2015, the Agency received the application at issue in this proceeding. (Notice of Application Submission, September 16, 2015, (September Application) S.R.R. at 15b.) In a letter dated October 5, 2015, the Agency denied the September Application. (Notice of HEMAP denial, S.R.R. at 16b.) Homeowner appealed the Agency's decision to the Examiner, who conducted a hearing on November 17, 2015.

---

[3] In her brief to this Court, Homeowner suggests that it was improper and an abuse of discretion for the Agency to require her to contribute $3,000 towards the Property's arrearage as a condition of approval for a HEMAP loan. We do not address this contention because resolution of this issue would not be relevant to deciding the issue currently on appeal. Moreover, the April Decision is not before this Court, and we therefore cannot adjudicate it.

3

After the hearing and upon review of the evidence, the Examiner affirmed the Agency's denial of the September Application. (Decision of Hearing Examiner at 5, December 15, 2015 (December Decision), S.R.R. at 5b.) The Examiner provided two reasons for her decision: (1) Homeowner did not have a "reasonable prospect" of resuming full mortgage payments because her future sources of income were speculative and her contemporaneous household income was insufficient to support her contemporaneous expenses; and (2) Homeowner did not have a "reasonable prospect" of resuming full mortgage payments based upon the fact that her average monthly income had been insufficient to cover her average monthly expenses for the previous 36 months. (Id. at 4b-5b.) Homeowner now petitions this Court for review.[4]

Homeowner raises several arguments regarding her need for a HEMAP loan and her potential to sustain her mortgage, should the September Application be granted. We construe these arguments as asserting that the Examiner abused her discretion in affirming the denial of the September Application and challenging the sufficiency of the evidence upon which the Examiner based her decision. In response, the Agency asserts that the Examiner's December Decision is supported by substantial evidence and is, therefore, binding on appeal.

Section 404-C(a)(5) of Act 91 provides, in pertinent part, that no mortgage assistance may be given by the Agency unless "[t]he [A]gency has determined that there is a reasonable prospect that the mortgagor will be able to resume full mortgage payments within twenty-four (24) months after the beginning of the

---

[4] "[O]ur scope of review is limited to a determination of whether constitutional rights were violated, [whether] an error of law was committed or whether the Agency's findings of fact are not supported by substantial evidence." Joe v. Pa. Hous. Fin. Agency, 539 A.2d 920, 921 (Pa. Cmwlth. 1988).

4

period for which assistance payments are provided . . . ." 35 P.S. § 1680.404c(a)(5). Pursuant to its regulations, the Agency determines whether an applicant has a reasonable prospect of resuming mortgage payments within 24 months by considering "all relevant factors," including assessing the "[p]otential for future changes in the homeowner's financial prospects . . . *sufficient to enable the homeowner to resume full mortgage payments*." 12 Pa. Code § 31.206(a)(2) (emphasis added).

We do not review the record to determine if a homeowner's circumstances "militate toward a grant of emergency assistance"; rather we review only to see if there is substantial evidence to support the necessary findings, or to ensure that an error of law was not committed. Mull v. Pa. Hous. Fin. Agency, 529 A.2d 1185, 1188 (Pa. Cmwlth. 1987). "Substantial evidence has been defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cullins v. Pa. Hous. Fin. Agency, 623 A.2d 951, 953 (Pa. Cmwlth. 1993). To prove abuse of discretion, "the petitioner must persuade us that the fact finder capriciously and arbitrarily disregarded evidence which one of ordinary intelligence *could not possibly challenge or entertain the slightest doubt as to its truth*." Koch v. Pa. Hous. Fin. Agency, 505 A.2d 649, 650-51 (Pa. Cmwlth. 1986) (emphasis added).

The Examiner first concluded that Homeowner's contemporaneous income was insufficient to meet her contemporaneous expenses. (S.R.R. at 4b-5b.) The Examiner found income from an anticipated award of spousal support to be speculative, and therefore did not include it in the calculation of Homeowner's monthly income. (Id. at 5b.) Without spousal support, the Examiner found

Homeowner's income was $750 per month and her expenses were $1,345.94 per month. (Id. at 4b.)

We first address whether the Examiner abused her discretion by not including an anticipated award of spousal support in the calculation of Homeowner's monthly income. In her brief to this Court, Homeowner does not allege that she has been awarded spousal support, but rather only that proceedings to obtain such support are ongoing. (Homeowner's Br. at 7.) Because the income Homeowner anticipates from an award of spousal support is contingent on a *possibility*, the Examiner did not abuse her discretion by not including it in the calculation of Homeowner's monthly income. See Harman v. Pa. Hous. Fin. Agency, 529 A.2d 1153, 1156 (Pa. Cmwlth. 1987) (stating "we can find no abuse of discretion in the examiner's refusing to include a possibility of future income in calculation of present monthly net income . . .").

We next examine whether the Examiner's determination that Homeowner lacked sufficient income to meet her expenses is supported by substantial evidence. The following is a table containing all income and expenses documented in the Record:

| Item | Expenses | Income |
|---|---|---|
| Mortgage Payment | $ (998.92) | |
| Condo Fee | $ (210.00) | |
| Electricity | $ (48.00) | |
| Gas | $ (12.00) | |
| Gasoline | $ (14.00) | |
| Personal Hygiene Items | $ (10.00) | |
| Internet | $ (53.02) | |
| SSI | | $ 733.00 |
| Payment from Commonwealth of Pa. | | $ 22.10 |
| Total Expenses | $(1,345.94) | |

6

| | | |
|---|---|---|
| Total Income | | $ 755.10 |
| Net Monthly Cash Flow | $ (590.82) | |

(Mortgage Statements, O.R. Item 18; Monthly Expense Sheet, O.R. Item 5; Bank Statement at 1, O.R. Item 52; Hr'g Tr. at 11-12, S.R.R at 34b-35b; Supplemental Security Income Eligibility Letter, November 30, 2014, S.R.R. at 75b.)

Because the Record shows that Homeowner's contemporaneous income was insufficient to meet her contemporaneous expenses, the Examiner's December Decision to the same effect is supported by substantial evidence. Moreover, since Homeowner's income was insufficient to meet her expenses, and because Homeowner lacked a non-speculative source of new income, the Examiner properly determined that Homeowner lacked "a reasonable prospect" of being able "to resume full mortgage payments within twenty-four (24) months." 35 P.S. § 1680.404c(a)(5).

In summary, we conclude that the Examiner did not abuse her discretion by not including an anticipated award of spousal support in the calculation of Homeowner's monthly income. We also conclude that the Examiner's determination that Homeowner's contemporaneous income was insufficient to meet her contemporaneous expenses is supported by substantial evidence. We are therefore constrained to affirm the Decision of the Examiner.[5]

_____
**RENÉE COHN JUBELIRER,** Judge

---

[5] Because we discern no error in the first basis provided by the Examiner for affirming the Agency's denial of Homeowner's application, we do not address Homeowner's challenge to the Examiner's second basis for denial. See Phillips v. Pa. Hous. Fin. Agency, 554 A.2d 607, 611 n.2 (Pa. Cmwlth. 1989) (stating that since one basis provided by the hearing examiner was supported by the record, there was no need to analyze the second).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Juliett Barzilayev,                                          :
                                    Petitioner            :
                                                          :
                    v.                                    :     No. 242 C.D. 2016
                                                          :
Pennsylvania Housing Finance                             :
Agency,                                                   :
                                    Respondent           :

# **O R D E R**

   **NOW**, August 17, 2016, the Decision of the Hearing Examiner affirming the decision of the Pennsylvania Housing Finance Agency to deny Juliett Barzilayev's application for a loan under the Homeowner's Emergency Mortgage Assistance Loan Program is hereby **AFFIRMED**.

                                        _____
                                        **RENÉE COHN JUBELIRER,** Judge